IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-CIV-20127-MORENO/TORRES

GLOBAL INNOVATION TECHNOLOGY
HOLDINGS, LLC, and INFORMATION
PROTECTION AND AUTHENTICATION
OF TEXAS, LLC,

      Plaintiffs,
vs

ACER AMERICA CORP., ALIENWARE CORP.,
AMERICAN FUTURE TECHNOLOGY CORP.,
d/b/a IBUYPOWER COMPUTER, APPLE INC.,
ASUS COMPUTER INTERNATIONAL, DELL INC.,
FUJITSU COMPUTER SYSTEMS CORP.,
GATEWAY, INC., HEWLETT-PACKER CO.,
LENOVO, INC., and PANASONIC CORP. OF
NORTH AMERICA,

      Defendants.
_____/

## DEFENDANT, ASUS COMPUTER INTERNATIONAL'S MOTION TO DISMISS AND/OR TO STAY AND INCORPORATED MEMORANDUM OF LAW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Asus Computer International ("Asus") moves for an Order from the Court dismissing all claims asserted against Asus in Plaintiff Global Innovation Technology Holdings, LLC's ("Global") and Plaintiff's Information Protection and Authentication of Texas, LLC's ("IPAT") Complaint. This Court should dismiss this action because Plaintiffs' Complaint is so vague and devoid of sufficient facts that it fails to state a claim upon which relief can be granted. Plaintiffs' Complaint does not identify any specific Asus product that it alleges infringes any claim of the patents-in-suit and

unfairly prejudices Asus' ability to answer the Complaint and to perfect indemnity claims. Therefore, this Court should dismiss Plaintiffs' claims against Asus.

In addition or in the alternative, this Court should stay this action until resolution of an earlier-filed patent infringement action brought by Plaintiff IPAT against Asus' software suppliers in the United States District Court for the Eastern District of Texas on the same patents at issue here. In an action styled *Information Protection and Authentication of Texas, LLC v. Symantec Corp.*, Civil Action No. 2:08-cv-00484 – DF – CE (the "Texas action"), IPAT accuses 22 software and hardware manufacturers of infringing the same patents-in-suit here. To conserve the resources of the parties and to promote judicial economy, and consistent with the extensive case law so holding, the Court should stay this action pending resolution of the Texas action.

I. BACKGROUND

A. The Florida Action

On January 15, 2009, Plaintiffs filed suit in this Court alleging that Asus and others infringe U.S. Patent Nos. 5,311,591 and 5,412,717 (collectively, "the patents-in-suit" or "'591 and '717 patents"). Plaintiffs allege that "IPAT is the assignee of all rights, title, and interest, and Global is the exclusive licensee with respect to Defendants of the '591 and '717 patents." Complaint, ¶ 2. Plaintiffs do not identify the alleged subject matter of the patents-in-suit other than by reciting the titles of the '591 and '717 patents, nor do they provide any allegation as to the scope of any claim in the patents-in-suit. Complaint, ¶ 19.

2



Plaintiffs have alleged general statements regarding infringement against all Defendants of "making, using, providing, offering to sell and selling . . . hardware and/or software for protecting and/or authenticating information." *See, e.g.,* Complaint, ¶¶ 20-31. For example, Plaintiffs generally alleged for each Defendant:

> ***Upon information and belief,*** [Defendant] has infringed and continues to infringe one or more claims of the '591 and '717 patents by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, ***hardware and/or software for protecting and/or authenticating information. Upon information and belief,*** [Defendant] has also contributed to the infringement of one or more claims of the '591 and '717 patents, and/or actively induced others to infringe one or more claims of the '591 and '717 patents, in this district and elsewhere in the United States.

*Id.* (emphasis added). Plaintiffs have failed to identify any specific Asus product that Plaintiffs allege infringes any claim of the patents-in-suit. Instead, Plaintiffs' allegations are vaguely based upon information and belief, and so lack sufficient basis from an adequate pre-filing investigation to specify the nature of the alleged infringement, i.e., whether the alleged infringement is direct, contributory or by inducement. *Id.*

B.   The Texas Action

On December 30, 2008, almost two-weeks before filing the action in Florida, Plaintiff IPAT filed the Texas action alleging that twenty-two software and hardware manufacturers infringe the '591 and '717 patents. *See* Texas Complaint, attached as Exhibit A. Included amongst the defendants in that action are Microsoft Corp., which supplies the operating system for many of Asus's computer

3


Higer Lichter & Givner
ATTORNEYS AT LAW

products, and Eset LLC, which supplies anti-virus software products to Asus. Texas Complaint at ¶¶ 31 and 36.

IPAT alleges in the Texas action that it "is the assignee of all rights, title, and interest in and to the '591 and '717 patents, including the right to sue for infringement and recover past damages" and makes no mention of any rights of Global. Texas Complaint at ¶ 2. IPAT further alleges, for each of the twenty-two defendants in the Texas action, that each defendant "has infringed and continues to infringe one or more claims of the '591 and '717 patents by making, using, providing, offering to sell, and selling . . . hardware and/or software for protecting and/or authenticating information." Texas Complaint at ¶¶ 30-51. These are the same vague allegations of infringement contained in the Complaint filed by Global and IPAT in this Court.

## II.  THE COURT SHOULD DISMISS PLAINTIFFS' COMPLAINT

### A.  Legal Standard For Motion to Dismiss.

The Federal Rules of Civil Procedure require that a Complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Complaint must be sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*,

4



550 U.S. at 555 (alteration in original) (internal citations omitted). "[C]onclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

"It logically follows that a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555. "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 1965 (alterations in original) (quoting Wright & A. Miller, Federal Practice and Procedure § 1216, pp 235-236 (3d ed. 2004)).

### B. The Court Should Dismiss the Complaint Because Plaintiffs Failed to Accuse a Single Asus Product

"Although pleading standards under Fed. R. Civ. 8 are liberal, a plaintiff must provide notice of its claim so that the other side may prepare a defense. In the context of alleged patent infringement, this means at least that the plaintiff must tell the defendant which products allegedly infringe the plaintiff's patent." *Ricoh Co., Ltd. Asustek Computer, Inc.*, 481 F. Supp.2d 954, 959 (W.D. Wis. 2007). Accordingly, it is proper for a court to dismiss a complaint where the plaintiff fails to identify a specific product, device, or service that infringes the patents-in-suit. *See, e.g., In re Papst Licensing GmbH & Co. KG Litig. v. Sanyo Elec. Co.*, 585 F. Supp.2d 32, 34 (D.D.C. 2008) (granting a motion to dismiss without leave to amend where the

5



original complaint alleged "a reasonable opportunity for further investigation or discovery is likely to provide evidentiary support" and then, the amended complaint alleged "upon information and belief, the . . . [d]efendants have made, used, sold or offered to sell . . . digital cameras which infringe the Patents in Suit.").

It is proper for a court to dismiss a complaint supported only by vague allegations. *See, e.g., Ondeo Nalco Co. v. Eka Chems.*, No. 01-537-SLR, 2002 U.S. Dist. LEXIS 26195, at *4-5 (D. Del. August 10, 2002) (granting motion to dismiss given unnamed products.); *Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 962 (S.D. Cal. 1996) (granting Rule 12(b)(6) dismissal because Rule 8 requires more than just boilerplate language, it requires "supporting allegations that specifically refer to that defendant"); *McZeal*, 501 F.3d at 1357-58 (Fed. Cir. 2007) (denying motion to dismiss where the plaintiff alleged a specific product, the Motorola i930, and a line of similar wireless VoIP products infringed); *see also Hewlett-Packard Co. v. Intergraph Corp.*, 2003 U.S. Dist. LEXIS 26092, at *6-7 (N.D. Cal. Sept. 6, 2003)(dismissing complaint because "Plaintiff's allegations do not provide Defendant with 'fair notice' of what Plaintiff's claim or claims are and, therefore, fail to satisfy Rule 8(a)(2)" where plaintiff asserted generally that defendant's "software and hardware products" infringed its patents and defendant produced some "4000-plus" software and hardware products).

In *McZeal*, the Federal Circuit Court of Appeals provided some guidance on pleading requirements in patent cases. *McZeal*, 501 F.3d at 1356-57. The court in *McZeal* stated that a sufficient patent infringement complaint should include:



6

Higer Lichter & Givner
ATTORNEYS AT LAW

    (1)    an allegation of jurisdiction;

    (2)    a statement that the plaintiff owns the patent;

    (3)    a statement that defendant has been infringing the patent 'by making, selling, and using [the device] embodying the patent;

    (4)    a statement that the plaintiff has given the defendant notice of its infringement; and

    (5)    a demand for an injunction and damages.

*Id.* (alteration in original) (quoting Fed. R. Civ. P. Form 16 (2006)).[1] To emphasize the requirement for identifying a specific product or service in a patent nfringement complaint, the court went so far as to alter Fed. R. Civ. P. Form 16 by adding in the language "the device." *Id.* Judge Dyk's dissent also supports this requirement:

> Under the majority opinion it is now sufficient to simply allege in the complaint that the patent is infringed by the defendant's sale of ***a particular product*** without even specifying which specific claims are alleged to be infringed or the features of the accused device that satisfy the limitations of these claims.

*Id.* at 1363 (emphasis added).

Applying *McZeal*, and consistent with its teachings, the Complaint is defective because it fails to identify an accused product. *See, e.g., Every Penny Counts, Inc. v. American Express Co. et al.*, 2007 U.S. Dist LEXIS 80082 (M.D. Fla. October 29, 2007). Plaintiffs also have not averred enough facts in the Complaint to show that the infringement allegations against Asus are plausible on their face. Plaintiffs have thus failed to state a claim upon which relief can be granted.

---

[1] On April 30, 2007, Form 16 was amended and became Form 18 "Complaint for Patent Infringement."

7



Higer Lichter & Givner
ATTORNEYS AT LAW

C.  **The Deficiencies in the Complaint Unfairly Prejudice Asus' Ability to Answer and Timely Act on Third-Party Causes of Action.**

One can only believe that if Plaintiffs had conducted a proper pre-filing investigation, they would have been able to identify at least one specific Asus product that allegedly infringes one of the 258 claims potentially asserted against Asus. As readily observed from Asus' Internet website, http://usa.asus.com, Asus makes and sells many different computer-related products. Plaintiffs' Complaint fails to identify any specific Asus product (or even category of products). Plaintiffs' vague assertions as to "hardware and/or software for protecting and/or authenticating information" thus make it virtually impossible for Asus to answer the Complaint.

This is particularly troubling because Asus assembles a multitude of commercially available hardware and software components to create its products. For example, all claims of the '717 patent recite "means for storing" digital information, which implicates digital memory and/or hard disk drives and software for storing digital information on that memory. Asus obtains its computer memory and the majority of its software from third party suppliers. If Plaintiffs are accusing technology supplied to Asus by third parties, then Plaintiffs should sue such third party suppliers, not Asus. And at a minimum, the Complaint should provide Asus with adequate notice of such an accusation and a sufficient opportunity to implead the third party suppliers. Instead, Plaintiffs have compromised Asus' ability to file such claims and thus, created an unfair dilemma for Asus.

8



> The Federal Rules of Civil Procedure provide:
>
> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 10 days after serving its original answer.

Fed. R. Civ. P. 14 (a)(1). Until Asus is placed on notice as to what specific Asus products Plaintiffs are accusing of infringement, it cannot investigate, prepare, and file third party claims to secure indemnification or, more importantly, even contact all of the third-party suppliers who might owe Asus a duty to defend. On the other hand, there is no guarantee that the Court will grant Asus leave to file its claims later in the case. Therefore, Plaintiffs' failure to state a claim prejudices Asus' ability to answer the Complaint and to implead potentially responsible parties. Accordingly, the Court should dismiss Global's and IPAT's complaint against Asus.

## III. THE COURT SHOULD STAY THIS ACTION

### A. Legal Standard for Staying This Action.

Under the general rule of federal comity, the first filed action in a federal court should take priority over a second filed action in a federal court involving the same parties and the same issues. *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed.Cir. 1989). "As between federal district courts, . . . the general principle is to avoid duplicative litigation. *I.A. Durbin, Inc., v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551-52 (11th Cir. 1986). "Although no precise test has been articulated for making this determination, the general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions." *Id.* In such circumstances, it is appropriate to stay the second-filed



9

Higer Lichter & Givner
ATTORNEYS AT LAW

action, without condition, pending resolution of the first-filed litigation. *Leviton Mfg. Co., Inc. v. Interline Brands, Inc.*, 2006 U.S. Dist. LEXIS 61944 (M.D. Fla 2006).

Federal district courts also recognize a rule giving preference to a second-filed action between a manufacturer and patentee where the first-filed action is between the patentee and the manufacturer's customer, the so-called "customer suit exception." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459 (Fed. Cir. 1990). Although that rule is not applicable here because the Texas action was filed first, the rationale surely applies. "([T]he manufacturer is the true defendant in the customer suit. . . . it is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products.)" *Id.* at 1464 (quoting *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737-38 (1st Cir. 1977)).

B. **The Court Should Stay This Case Pending Resolution of Parallel Litigation In The Texas Action.**

1. **The Florida Action is a customer suit**

Here, at least two manufacturers of software used in Asus' products, Microsoft Corp. and Eset LLC, are defendants in the Texas action. Asus simply bundles the software from those companies and distributes that software along with its products. Asus makes no product, and adds no functionality to any of its "hardware and/or software" products, for protecting and/or authenticating information." So far as Asus can determine from reviewing the complaints filed in both the Florida and Texas actions, if any of its products include such functionality,



it would be present solely by virtue of Asus' inclusion of third-party software. Asus does not have sufficient technical information about third-party software to defend against Plaintiffs' infringement allegations. Asus' suppliers and not Asus possess the technical information regarding their software. Asus should not have to defend this action or implead its suppliers into this action, when the real parties-in-interest are already defending against the same patents in the earlier-filed Texas action.

Federal courts recognize that it is inequitable to require customers to litigate issues that manufacturers are better positioned to litigate. Patent holders often use the customer suit as leverage against manufacturers. *Ricoh Co. LTD v. Aeroflex Inc.*, 279 F. Supp.2d 554, 557 (D. Del. 2003)("patentee's election to sue customers, rather than the manufacturer itself, is often based on a desire to intimidate smaller businesses"). To defend against Plaintiffs' claims of infringement here, Asus will need to show that its products either do not infringe on the '591 and '717 patents and/or that those patents are invalid or unenforceable. Asus, however, is at a disadvantage in doing so because it is merely a customer of Microsoft and Eset, with no input whatsoever in the concept, design, and/or manufacture of the software provided by those companies. Thus, Asus does not have the resources, documents, or information to most efficiently or directly show non-infringement and unenforceability. Absent a stay, Asus inevitably will have to rely exclusively on its third-party manufacturers to provide such documents and information, and thus the defenses, which are essential to Asus in this action. *See William Gluckin & Co. v. Int'l Playtex Corp.*, 407 F.2d 177, 179 n.2 (2d Cir. 1969).

11



### 2. Staying this case promotes judicial economy

Judicial economy is not furthered, but is instead frustrated, by duplicative actions and by the possibility - inherently present here absent a stay - of inconsistent results in these two actions. This case involves the same patents - and only those patents - that are the subject of the Texas action. Thus, staying this action will prevent duplicative litigation as to the validity and enforceability of the '591 and '717 patents, as well as to the alleged infringement of the Microsoft and Eset products. Staying this case also will safeguard against possible inconsistent results concerning these exact same issues.

Additionally, staying a customer suit clearly advances judicial economy where a pending action between the patent holder and the manufacturer will resolve the invalidity and/or infringement issues. *See Katz*, 909 F.2d at 1463 (noting primary question is "whether the issues and parties are such that the disposition of one case would be dispositive of the other"). Such is the situation here. Resolution of the Texas action will defeat this entire action or, at the very least, will substantially advance the prosecution and resolution of the patent issues here. *See Kessler v. Eldred*, 206 U.S. 285, 288-289 (1907) (finding seller's previous victory against patent holder on invalidity and/or non-infringement bars patent holder's infringement action against a customer of a seller); *Blonder-Tongue Labs. v. Univ. of Ill. Found.*, 402 U.S. 313, 329-330 (1971) (finding collateral estoppel bars patent infringement case regardless of mutuality so long as patent holder had "full and fair opportunity" to litigate validity of patent in prior action and was unsuccessful);



*accord Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573, 1577-78 (Fed. Cir. 1994); *Ricoh*, 279 F. Supp.2d at 558.

For example, a finding by the Texas court that the claims of the '591 and '717 patents are invalid or unenforceable will act as a bar to Plaintiffs' infringement claim against Asus. *See Kessler*, 206 U.S. at 288-289; *Blonder-Tongue*, 402 U.S. at 320-327 (1971); *Monsanto Co. v. Dawson Chem. Co.*, 443 F.2d 1035, 1038 (5th Cir. 1971). Similarly, a ruling of either non-infringement or infringement by the Texas court likely shields Asus from Plaintiffs' claims. In the former case, the third-party software products bundled with Asus' products do not infringe the patents-in-suit and therefore neither does Asus' sale of those products. In the latter case, those manufacturers' products do infringe the patents-in-suit, and the third-party software manufacturer's will likely be forced to pay damages or license the patents (which are paid only once with no duplicative recovery). Regardless of what the Texas court holds, either result immunizes Asus from Plaintiffs' claims of infringement. *See Ricoh*, 279 F. Supp.2d at 558.

The Court need not find that the Texas action will resolve every issue present in this case. *Katz*, 909 F.2d at 1464 ("Although there may be additional issues involving the defendants in the [customer suit], their prosecution will be advanced if [the patent holder] is successful on the major premises being litigated in [the manufacturer's action], and may well be mooted if he is unsuccessful."); *ProBatter Sports, LLC v. Joyner Techs., Inc.*, 463 F. Supp.2d 949, 956 (N.D. Iowa 2006)(finding stay appropriate because resolution of manufacturer action involving



issues of infringement and validity would significantly advance prosecution or resolution of customer suit, even though it may not resolve all issues in customer suit).

3. **Staying This Action Will Not Prejudice Plaintiff.**

IPAT should not be heard to complain if this case is stayed and Plaintiffs are instead forced to litigate in IPAT's first-filed case. Little prejudice, if any, will result from staying this action: Plaintiff Global can, and may, be required to join the Texas action as the "exclusive license" of the patents-in-suit. Both cases are in their earliest phases, and IPAT plainly can amend its complaint in the Texas action to add additional parties. Apart from potentially losing an unfair "in terrorem" advantage in settlement negotiations caused by needlessly harassing Microsoft's and Eset's customers, Plaintiffs will suffer no prejudice by having this case stayed. The outcome of the Texas action likely will resolve all, or almost all, of questions presented in this action. Accordingly, this Court should stay the present action pending resolution of Texas action.



## IV. CONCLUSION

For all of the foregoing reasons, the Court should dismiss Plaintiffs' Complaint as against Asus and/or stay this action.

Respectfully submitted,

Higer Lichter & Givner, LLP
18305 Biscayne Blvd., Suite 402
Aventura, FL 33160
Telephone: 305-933-9970
Facsimile : 305-933-0998

By: s/Michael J. Higer
Michael J. Higer
Florida Bar No. 500798

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 5th of March, 2009 by 5:00 pm, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List by Facsimile and in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel who are not authorized to receive electronically Notices of Electronic Filing.

s/Michael J. Higer
Florida Bar Number 500798
MHiger@HLGLawyers.com
Higer Lichter & Givner, LLP
18305 Biscayne Blvd., Suite 402
Aventura, Florida 33180
Telephone: 305-933-9970
Facsimile: 305-933-0998
*Attorneys for Defendants*

Higer Lichter & Givner
ATTORNEYS AT LAW

## SERVICE LIST

Alejandro P. Alvarez, Esq.
Phillip Edward Holden, Esq.
The Alvarez Law Firm
355 Palermo Avenue
Coral Gables, FL 33134
305-444-7675
305-444-0075 fax
alex@integrityforjustice.com
phillip@integrityforjustice.com
**Attys for Plaintiffs – Global Innovation Technology Holdings, LLC and Information Protection and Authentication of Texas, LLC**

Jonathan B. Morton, Esq.
Robert C. Leitner, Esq.
K & L Gates, LLP
Wachovia Financial Center, Suite 3900
200 South Biscayne Blvd.
Miami, FL 33131
305-539-3300
305-358-7095  fax
**Attys for Defendants - Acer America Corp., Dell, Inc. & Gateway, Inc.**

Carlos F. Concepcion, Esq.
Elio F. Martinez, Jr., Esq.
Concepcion Sexton & Martinez
355 Alhambra Circle, Suite 1250
Coral Gables, FL 33134
305-444-6669
305-446-3665 fax
**Attys for Defendant - American Future Technology Corp.**

Gary T. Stiphany, Esq.
Garbett, Bronstein Stiphany & Allen, P.A.
80 SW 8th Street, Suite 3100
Miami, FL 33130
305-536-8882
305-579-4722 fax
gstiphany@lbgslaw.com
**Attys for Defendant - Panasonic Corp. Of North America**

16

Higer Lichter & Givner
ATTORNEYS AT LAW