**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 09-20127-CIV-MORENO/TORRES**

GLOBAL INNOVATION TECHNOLOGY
HOLDINGS, LLC, and INFORMATION
PROTECTION AND AUTHENTICATION
OF TEXAS, LLC,

        Plaintiffs,

v.

ACER AMERICA CORP., ALIENWARE CORP.,
AMERICAN FUTURE TECHNOLOGY CORP.,
d/b/a IBUYPOWER COMPUTER, APPLE INC.,
ASUS COMPUTER INTERNATIONAL, DELL INC.,
FUJITSU COMPUTER SYSTEMS CORP.,
GATEWAY, INC., HEWLETT-PACKER CO.,
LENOVO, INC., and PANASONIC CORP. OF
NORTH AMERICA,

        Defendants.

**PLAINTIFFS' OPPOSITION TO DEFENDANT ASUS COMPUTER
INTERNATIONAL'S MOTION TO DISMISS AND/OR STAY**

**I.      INTRODUCTION**

Asus' motion reads like nothing so much as the serial excuses of a child caught with crumbs on his shirt and his hand in the cookie jar. Asus' first excuse is classic denial: We couldn't have taken any cookies because Plaintiffs haven't told us what a cookie is. But the patents-in-suit were attached to the Complaint. One of skill in the art (indeed, one unskilled in the art) would have little trouble determining their subject matter. In short, the patents-in-suit cover, *inter alia*, computer systems that include a personal firewall. Asus' computer systems include personal firewalls.[1]

Realizing that this excuse is going nowhere, Asus tries another: We didn't take any cookies, but maybe Microsoft or Eset has. Again, the patents include claims directed specifically to "computer systems." Asus makes and sells computer systems.

Sinking fast, Asus takes one last gasp: Even if we do know what a cookie is, and even if we took some cookies, Microsoft and Eset took cookies first, so they should be punished before we are. That argument will not carry the day in either a court of law or the kitchen. If you take a cookie, you have to pay for it.

**II.     STATEMENT OF PROCEEDINGS**

On January 15, 2009, Plaintiffs Global Innovation Technology Holdings, LLC ("Global") and Information Protection and Authentication of Texas, LLC ("IPAT") (collectively "Plaintiffs") filed a Complaint alleging that the products of each defendant infringed the patents-in-suit. (Plaintiffs' January 15, 2009 Complaint for Patent Infringement (Doc. No. 1.)

---

[1] A firewall is an integrated collection of security measures designed to prevent unauthorized electronic access to a computer network, program, or operating system. Firewalls may be implemented as hardware, software, or a combination of both. Wikipedia, "Firewalls," http://en.wikipedia.org/wiki/Firewall (last accessed Mar. 23, 2009).

("Compl."), ¶¶ 20-33.)[2]  Those products enable users to, among other things, protect and authenticate computer related information.  More specifically, the patents-in-suit cover technology relating to personal firewalls.

Defendant Asus Computer International ("Asus") has moved to dismiss and/or stay this action,[3] arguing that it cannot answer or otherwise respond to the Complaint as drafted, and that in addition to or alternatively the case should be stayed pending the resolution of an infringement action filed in the Eastern District of Texas.  (Asus' March 5, 2009 Brief (Doc. No. 30.) ("Asus Brief"), pp. 1-2.)  Asus complains that "Plaintiffs' Complaint is so vague and devoid of sufficient facts that it fails to state a claim upon which relief can be granted."  (Asus Brief, p. 1.)  Yet just a few pages later, Asus contends that it is not responsible for the software it puts in its own computers.  It blames Microsoft Corp. and Eset LLC for any infringement.  (Asus Brief, p. 10.)  Asus fails to explain how the charges against it are too vague for response but it knows, based on the same charges, exactly who to blame.

Contrary to Asus' contentions, Plaintiffs' Complaint identifies the infringed patents, the infringing parties, and their infringing technology.  In contrast to Asus' confusion, Panasonic Corp. of North America had no trouble answering the Complaint and asserting counterclaims against Plaintiffs.  (Doc. No. 33.)  Nor did any of the defendants in the Texas suit, including both

---

[2] The Complaint alleges infringement of Plaintiffs' United States Patent No. 5,311,591, entitled "Computer System Security Method and Apparatus for Creating and Using Program Authorization Information Data Structures" and United States Patent No. 5,412,717, entitled "Computer System Security Method and Apparatus Having Program Authorization Information Data Structures."

[3] Asus never contacted Plaintiffs' counsel prior to filing its motion. Local Rule 7.1.A.3 requires that counsel meet and confer in a good faith attempt to resolve the issues before a motion to stay may be filed. Asus never requested this meet and confer. Accordingly, the motion to stay portion of the brief should be stricken. *See* Local Rule 7.1.A.3 ("Failure to comply with the requirements of this Local Rule may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee.")

Microsoft and Eset.[4]  The Texas action alleges infringement of the same patents at issue here, but it primarily targets software companies rather than the hardware manufacturers named in this action.  That makes the two cases very different, particularly with respect to infringement proofs and measures of relief.  Asus' motion to dismiss and/or stay should be denied.

### III.    SUMMARY OF ARGUMENT

Asus' argument that Plaintiffs have not adequately pleaded their claims under Federal Rule of Civil Procedure 8 is unavailing.  In its Complaint, Plaintiffs identify the patents-in-suit and the technology covered by them.  Plaintiffs then separately identify the allegations against each defendant. (E.g., Compl., ¶¶ 20-33.)  Plaintiffs need not detail, at the pleading stage, the specific claims of the patents-in-suit that are infringed by each of Asus' products.  Plaintiffs' allegations are more than sufficient to satisfy Rule 8, which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."

Asus alternatively argues that this case should be stayed pending resolution of the Texas action.  Asus attempts to characterize this suit as merely a "customer suit."  It is not and Asus misstates the law on this issue.  Asus is not a "mere reseller" of products – it makes and sells products that infringe the patents-in-suit.  Further, Asus conveniently ignores that the infringement proof in the Texas suit is not the same as it is here.  Nor has Asus volunteered to be bound by any decision in the Texas suit.

---

[4] Those defendants include Microsoft Corp., Eset LLC, Symantec Corp., McAfee, Inc., CA, Inc., Check Point Software Technologies, Inc., iolo technologies, LLC, Trend Micro Inc., MicroWorld Technologies, Inc., PC Tools, Inc., AVG Technologies USA, Inc., Norman Data Defense Systems, Inc., Velocity Micro, Inc., F-Secure, Inc., Novell Inc., Sunbelt Software, Inc., Kaspersky Lab, Inc., and Webroot Software, Inc.  As Asus pointed out, the Complaints in the Texas and Florida suits contain similar language, including the identification of the infringing products.

3

IV.    **STATEMENT OF FACTS**

Addison Fischer is the sole inventor of each of the patents-in-suit. Mr. Fischer is widely recognized as a trailblazer in the computer security industry. He has founded several firms that specialize in authentication and encryption software. This technology, in part, forms the foundation for the patents-in-suit. The National Institute of Standards and Technology and the U.S. Department of Defense's National Computer Security Center have both formally recognized Mr. Fischer for his work. Mr. Fischer also serves on various computer security committees established by the U.S. government to address issues related to electronic commerce, and has made presentations on such topics as digital signature methodology and digital telephony to the U.S. Congress.

Asus makes, uses, sells or offers to sell, among other things, "hardware and/or software for protecting and/or authenticating information," including, for example, computer systems. (Compl., ¶ 24.) Asus cries that the Complaint lacks specificity, but the Complaint clearly identifies a separate cause of action for each defendant (including Asus), identifies the two specific patents being infringed by name and number, and identifies the Asus products infringing those patents, i.e., hardware and/or software for protecting and/or authenticating information.

The Texas suit is primarily directed against software makers. In contrast, this suit alleges infringement against computer manufacturers and sellers who do much more than simply sell software. Both of the patents-in-suit include claims covering "computer systems" capable of protecting and/or authenticating information. (Compl., Exs. A-B.) Asus makes and sells infringing computer systems.

V.  ARGUMENT

    A.  The Motion to Dismiss Should be Denied

Asus' motion to dismiss falls far short of the high burden of proof that applies to such motions, and should be denied. Indeed, Asus' motion is really just a bill of particulars, which was abolished in the 1948 amendment to the Federal Rules of Civil Procedure. *See* 5 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1375 (3d ed. 2007) ("The 1948 amendment to Rule 12(e) eliminated the bill of particulars from federal practice and sharply restricted the availability of the motion for a more definite statement. . . . The defendant no longer can insist upon greater exactitude in the affirmative pleading than is required by Rule 8 to help him 'prepare for trial.'").

On a motion to dismiss under Rule 12(b)(6), a court should "accept all allegations of fact as true and draw all reasonable inferences in [the plaintiff's] favor" to assess whether the plaintiff has any grounds for the relief requested in its complaint. *Oshiver v. Levin Fishbein, Sedran & Berman*, 38 F.3d 1380, 1391 (3d Cir. 1994) (reversing grant of motion to dismiss by drawing inferences in plaintiff's favor); *Usher v. Los Angeles*, 828 F.2d 556 (9th Cir. 1987) (same). Asus disregards Rule 8's authorization of a "short and plain" statement, which Plaintiffs clearly provided. Asus' motion to dismiss never gets around to identifying the information that was provided in the Complaint. Asus simply argues, without merit or support, that it needs more information.

Rule 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nothing more is required because the purpose of a complaint under the federal rules is merely "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

5

(2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Accordingly, allegations containing "[s]pecific facts are not necessary." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). Asus asks for information the Supreme Court has decided is not needed: "[w]e do not require heightened fact pleading of specifics but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Using this "simplified" standard, federal courts rely on discovery and summary judgment motions "to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002) (reversing grant of motion to dismiss); *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993) (same).

Despite Asus' complaints, Plaintiffs have specifically identified and stated a separate claim against Asus, revealed what patents are being infringed by Asus, and described the Asus technology that infringes those patents. These allegations give notice of the nature of the claims against Asus: Asus makes and sells "hardware and/or software for protecting and/or authenticating information" (i.e., computers containing firewalls and/or other protecting/ authenticating measures). (Compl., ¶ 24.) These claims are plausible from the face of the Complaint.[5] Asus' arguments to the contrary either misconstrue the Complaint or attempt to impose a heightened pleading requirement on Plaintiffs.

---

[5] The Supreme Court's decision in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) has recently given increased attention to the long-standing requirement that a claim for relief be "plausible." It did so when applying the concept to a specialized area of antitrust law. Since the complained of conduct could be carried out lawfully, the Court held that bare allegations of conspiracy and parallel conduct are not enough to establish a plausible claim. Here, plausibility is not an issue. It is entirely plausible that (a) Plaintiffs own and have an exclusive license to patents for computer system technology, and (b) Asus' products infringe those patents. Any reliance on *Twombly* here would be an effort to transform it into a general requirement of fact pleading, which it is not. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357-58 (Fed. Cir. 2007) (reversing grant of motion to dismiss in patent infringement case because *Twombly* did not change Rule 8's pleading standard); *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) ("[T]he Court is not requiring a universal standard of heightened fact pleading, but is instead requiring a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible."); *Homsey v. Vigilant Ins. Co.*, 2007 U.S. Dist. LEXIS 55399, *6 (D. Del. July 31, 2007) (stating that even under *Twombly* "heightened fact pleading is not required . . .") (Farnan, J.).

### 1. Plaintiffs Have Satisfied Rule 8

Under Rule 8's notice pleading requirement, a plaintiff in a patent infringement action need not plead facts with specificity. *See Swierkiewicz*, 534 U.S. at 513 (holding that Rule 8 applies to "all civil actions, with limited exceptions" such as fraud). Instead, the complaint merely needs to contain allegations identifying (a) the patents that have been infringed, (b) ownership, (c) the party that has infringed the patent, (d) how the infringement occurred, and (e) what theory of patent law the claim arises under. *Phonometrics, Inc. v. Hospitality Franchise Sys.*, 203 F.3d 790, 794 (Fed. Cir. 2000) (reversing grant of motion to dismiss); Fed. R. Civ. P. 84 & Appendix Form 18.[6] Plaintiffs' Complaint provides all this information.

In *Phonometrics*, the Federal Circuit relied on Rule 8 to reverse the grant of a motion to dismiss a patent infringement complaint. It held that a plaintiff need not "include each element of the claims of the asserted patent. . . ." This is because "[t]o impose such requirements would contravene the notice pleading standard, and would add needless steps to the already complex process of patent litigation." 203 F.3d at 794. Instead, it was enough that the plaintiff "alleges ownership of the asserted patent, names each individual defendant, cites the patent that is allegedly infringed, describes the means by which the defendants allegedly infringe, and points to the specific sections of the patent law invoked." *Id*. That is enough to ensure that a defendant has sufficient notice to enable it to answer the complaint and defend itself. *Id*.

Similarly, Form 18 of the Federal Rules of Civil Procedure provides an example of direct patent infringement allegations that are sufficient under Rule 8(a)(2) to state a claim for relief. It reads: "The defendant has infringed and is still infringing the [patents-in-suit] by making, selling,

---

[6] On April 30, 2007, Form 16 was amended and is now Form 18. Forms 16 and 18 are substantively the same.

7

and using electric motors that embody the patented invention, and the defendant will continue to do so unless enjoined by this court." As a matter of law, those allegations "are sufficient under the rules." Indeed, they "are intended to indicate the simplicity and brevity of statement which the rules contemplate." Fed. R. Civ. P. 84.

Here, Plaintiffs' allegations of patent infringement against Asus are far more than adequate and at least as specific as the allegations in *Phonometrics* and Form 18. Plaintiffs allege that "IPAT is the assignee of all rights, title, and interest, and Global is the exclusive licensee with respect to the Defendants of the '591 and '717 patents [i.e., the patents-in-suit]," that "Plaintiffs possess the entire right to sue for infringement and recover past damages," and that the patents-in-suit contain claims covering technologies relating to "hardware and/or software for protecting and/or authenticating information." (Compl., ¶¶ 2, 24.) Plaintiffs then allege separate claims for relief against each defendant. (Compl., ¶¶ 20-33.)

Asus attempts to characterize *McZeal* as heightening the pleading requirement to include the identification of a "specific product or service." (Asus Brief, pp. 6-7.) This is not the case. When citing to Form 16 (now 18), the *McZeal* court simply generalized "electronic motors" to "the device." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357-58 (Fed. Cir. 2007). This substitution was not some new requirement to name a "specific product or service" as Asus contends. Rather, it was merely to quote Form 16 in context. The pleading requirement before and after *McZeal* is the same – Plaintiffs' identification of "hardware and/or software for protecting and/or authenticating information" meets the pleading standard.

### 2. Asus Attempts to Impose a Heightened Pleading Requirement on Plaintiffs

Asus props up its motion to dismiss with incomplete statements about the level of specificity in the Complaint. Asus uses these statements to create the impression that Plaintiffs'

8

Complaint leaves Asus in the dark about what it has done to infringe Plaintiffs' patents. Yet, Asus easily identifies two of its software providers that it believes would be liable for any of Asus' infringement. Putting Asus' misrepresentations aside, it becomes clear that Asus' argument for greater specificity boils down to an argument that, to state a patent infringement claim, Plaintiffs must allege: (a) the specific claims in the patents-in-suit that have allegedly been infringed, and (b) the names of products that infringe Plaintiffs' patents. Both of these arguments impermissibly attempt to impose a heightened pleading requirement on Plaintiffs. Asus' argument is further belied by the pertinent case law, the Federal Rules of Civil Procedure, and the fact that every defendant in the Texas action– including both Microsoft and Eset – were able to answer the Complaint.

### a. Claim-Specific Infringement Contentions Will Be Developed as the Case Proceeds

Under Rule 8, a patent holder can state a claim for relief without specifying which claims of a patent the defendant has infringed. *McZeal*, 501 F.3d at 1357 (reversing the grant of a motion to dismiss by reasoning that "a plaintiff in a patent infringement suit is not required to specifically include each element of the claims of the asserted patents"); *Phonometrics*, 203 F.3d at 794 (same). Asus claims that it cannot identify any allegedly infringing products or even a category of products. (Asus Brief, p. 8.) Then in the very next breath, Asus does just that by identifying two companies that it claims would be liable for any infringement. (Asus Brief, p. 10.)

Asus' position is flawed for a number of reasons. Asus cannot articulate a reason why Plaintiffs should be required, before discovery, to provide the specificity it is demanding, which would require Plaintiffs to finalize their claims here at the pleading stage. Imposing this type of

9

requirement on a patent holder would unnecessarily complicate the already complex process of patent litigation and contradict the spirit of the federal rules. *See Phonometrics*, 203 F.3d at 794.

In fact, Asus' position is reminiscent of the old theory of the pleadings doctrine, under which "a complaint must proceed upon some definite theory, and on that theory the plaintiff must succeed, or not succeed at all." 5 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1219 (3d ed. 2007) (quoting *Mescall v. Tully*, 91 Ind. 96, 99 (1883)). Rule 8, of course, abolished that requirement. *Id.*; *see also Anthran v. PATCO*, 672 F.2d 706, 709 (8th Cir. 1982) ("The 'theory of the pleadings' doctrine, under which a plaintiff must succeed on those theories that are pleaded or not at all, has been effectively abolished under the federal rules"); *Nord v. McElroy*, 296 F.2d 12, 14 (9th Cir. 1961) ("The Federal Rules of Civil Procedure have done away with the narrow 'theory of the pleadings' doctrine."). Now, a defendant that is on notice of the nature of the claim can use discovery procedures and motions for summary judgment to further refine the scope of the claims against it.

Moreover, only limited information is publicly available about Asus' products. Plaintiffs should be permitted to obtain discovery before they have to identify specific claims infringed by specific products made and sold by Asus. *See McZeal*, 501 F.3d at 1357-58 (reversing grant of motion to dismiss because at pleading stage "all [the plaintiff] has access to is [the defendant's] public statements and advertisements" and "the specifics of how [the defendant's] purportedly infringing device works is something to be determined through discovery").

### b. Plaintiffs Have Sufficiently Identified Asus' Infringing Technology

Asus argues that Plaintiffs' allegations of infringement reference nothing more than "general statements." (Asus Brief, p. 3.) On one hand, Asus claims that it cannot determine what it could possibly have done to be named in the suit. (Asus Brief, pp. 7-8.) On the other

hand, Asus identifies two manufacturers that it believes would be liable if any infringement is found. (Asus Brief, p. 10.)

Indeed, Plaintiffs' allegations in the Complaint are more than sufficient "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. In fact, Plaintiffs identify the technology at issue in as much detail as that provided in Form 18 of the Appendix to the Federal Rules of Civil Procedure (the example provided is "electric motors that embody the patented invention"). That example demonstrates "the simplicity and brevity of statement which the rules contemplate." Fed. R. Civ. P. 84. A party need not identify by name the specific products or internal systems that are alleged to infringe a patent. *See, e.g., Interdigital Tech. Corp. v. OKI America, Inc.*, 845 F. Supp. 276, 283 (E.D. Pa. 1994) (holding that complaint accusing "all products" that incorporate a particular technology satisfies Rule 8). Plaintiffs have more than adequately pled their claims.

### B. The Motion to Stay Should be Denied

Asus again twists the facts and misapplies the law in its discussion of "customer suits." This is not a "customer suit." In evaluating the customer suit exception, "a primary question is whether the issues and parties are such that the disposition in one case would be dispositive in the other." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990) (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180 (1952)). A "customer suit" exception can apply when a customer is a "mere reseller" of a manufacturer's product. *See Katz*, 909 F.2d at 1463 (finding customer suit exception where customer merely sold manufacturer's finished goods without change and those goods were covered by the asserted patent). But even this is not absolute. *See Emerson Elec. Co. v. Black & Decker Mfg. Co.,* 606 F.2d 234, 240-42 (8th Cir. 1979).

In contrast, the exception does not typically apply when a manufacturer's product is only one component of a defendant's finished product covered by the asserted patent. *See Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081-82 (Fed. Cir. 1989). In *Kahn*, the Federal Circuit held that the district court erroneously relied on the customer suit exception in staying the action. The patent-in-suit related to stereo receivers. The patentee, Kahn, sued General Motors, alleging infringement of a patent covering stereo receivers. Later, Motorola, the customer who supplied integrated circuits to General Motors for its receivers, filed a declaratory judgment suit, seeking judgment that Kahn's patent was invalid, unenforceable, and not infringed by Motorola or by receiver manufacturers, such as General Motors, that used its circuits. The General Motors district court stayed the action because it was a "customer suit." The Federal Circuit reversed finding that the "customer suit" exception did not apply. Motorola did not make, use or sell the infringing stereo receivers. The Motorola suit could not provide complete relief. Moreover, the measure of damages was different for Motorola and General Motors. Nor had General Motors, the "customer," agreed to be bound by the Motorola decision. *Id.*

Unfortunately for Asus, it is General Motors. Asus is not a "mere reseller." *See id.* The measure of damages in the Texas suit is not the same as it is here. *See id.* Asus has not agreed to be bound by the Texas suit. *See id.* The "customer suit" exception might apply if Plaintiffs had sued one of Asus' computer resellers (e.g., BestBuy) or an individual computer buyer. Rather, Asus creates infringing computers by making and selling computer systems that include "hardware and/or software for protecting and/or authenticating information." What Asus conveniently omits is that Asus' hardware – specifically identified in the Complaint – is at issue. (Compl., ¶ 24.) Through this key omission, Asus argues that it "will have to rely exclusively on its third party manufacturers [Microsoft and Eset]" to provide the necessary information and

documents to form any defenses against this action. (Asus Brief, p. 11.) But it is not merely third party software that is at issue. Both of the patents-in-suit contain claims directed at computer systems with certain hardware components (e.g., memory, processor). (Compl., Exs. A-B.) Asus cannot plausibly argue that it does not know how its own computer systems operate. It is Asus – not any software manufacturer – who possesses this knowledge.

"[T]he guiding principles in the customer suit exception cases are efficiency and judicial economy." *Tegic Communs. Corp. v. Bd. of Regents*, 458 F.3d 1335, 1343 (Fed. Cir. 2006). Asus has simply not shown that it would be "demonstrably more efficient to stay [this suit] in favor of the [Texas suit]." *Id*. In fact, this Court has set a trial date for August 31, 2009. (March 19, 2009 Scheduling Order (Doc. No. 45.), p. 1.) No trial date for the Texas suit has been set. As discussed above, the measures of relief and the infringement proofs for this suit and the Texas suit are different. The suit here deals primarily with computer makers. The Texas suit primarily involves software makers. Asus has made no showing – apart from conclusory statements – that a finding of non-infringement in the Texas suit would "shield Asus from Plaintiffs' claims." (Asus Brief, p. 13.) Accordingly, the customer suit exception does not apply and Asus' motion to stay should be denied.

## VI.   CONCLUSION

For all the foregoing reasons, among others, Plaintiffs respectfully request that Asus' motion to dismiss and/or stay be denied in its entirety.

                                  Respectfully submitted,

Dated: March 23, 2009                       s/Alex Alvarez
                                            Alex Alvarez
Fla. Bar No. 946346
E-mail: alex@integrityforjustice.com
Phillip E. Holden
Fla. Bar No. 14395
Email: phillip@integrityforjustice.com
**THE ALVAREZ LAW FIRM**
355 Palermo Avenue
Coral Gables, FL 33134
Telephone: (305) 444-7675
Facsimile: (305) 444-0075

*Of Counsel*:
John F. Ward, Esq.
E-mail: wardj@wardolivo.com
John W. Olivo, Jr., Esq.
E-mail: olivoj@wardolivo.com
David M. Hill, Esq.
E-mail: hilld@wardolivo.com
**WARD & OLIVO**
380 Madison Avenue
New York, New York 10017
Telephone: (212) 697-6262
Facsimile: (212) 972-5866

W. Lewis Garrison, Jr., Esq.
E-mail: wlgarrison@hgdlawfirm.com
Timothy C. Davis, Esq.
E-mail: tim@hgdlawfirm.com
HENINGER GARRISON & DAVIS, LLC
2224 1st Avenue North
Birmingham, Alabama 35203
Telephone: (205) 326-3336
Facsimile: (205) 326-3332

William E. Davis, III
E-mail: bdavis@bdavisfirm.com
**THE DAVIS FIRM P.C.**
111 W. Tyler St.
Longview, TX 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661

**ATTORNEYS FOR PLAINTIFFS,
GLOBAL INNOVATION
TECHNOLOGY HOLDINGS, LLC
AND INFORMATION PROTECTION
AND AUTHENTICATION OF TEXAS,
LLC**

# **CERTIFICATE OF SERVICE**

I hereby certify that on March 23, 2009, I caused the following documents:

*Plaintiffs' Opposition to Defendant Asus Computer International's Motion to Dismiss and/or Stay*

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing to the following:

*All Counsel of Record*


BY:       /s/ Alex Alvarez      
        ALEX ALVAREZ  
        Florida Bar No. 946346