UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:09-20127-CIV-MORENO/TORRES

Global Innovation Technology Holdings, LLC;
and Information Protection and Authentication
of Texas, LLC,

                Plaintiffs,

vs.

Acer America Corp.; Alienware Corp., American
Future Technology Corp. d/b/a IBuyPower Computer;
Apple Inc.; Asus Computer International; Dell Inc.;
Fujitsu Computer Systems Corp.; Gateway, Inc.;
Hewlett-Packard Co.; Lenovo Inc.; Motion Computer,
Inc.; and Panasonic Corp. of North America,

                Defendants.

_____/

## DEFENDANT AMERICAN FUTURE TECHNOLOGY CORP.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT

I.    **INTRODUCTION**

At issue in this Motion is whether the Complaint has given Defendant American Future Technology Corp. ("AFT") fair notice of what the claim is and the grounds upon which it rests. Despite Plaintiffs' attempt to mischaracterize the arguments in AFT's moving papers, Plaintiffs' own statements demonstrate that they have not met this requirement. Thus, AFT respectfully requests that the Court dismiss the Complaint, or, in the alternative, order Plaintiffs to set forth

Concepción Sexton & Martinez, Attorneys at Law
355 Alhambra Circle Suite 1250 • Coral Gables, Florida 33134 • Tel. 305.444.6669 • Fax. 305.444.3665
www.cfclaw.com

a more definite statement of their claim for patent infringement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

## II. ARGUMENT

### A. Plaintiffs Fail to State a Claim for Patent Infringement.

A complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007) (*quoting* Conley v. Gibson, 355 U.S. 41, 47 (1957)). Plaintiffs have not done so here.

Plaintiffs have set forth the *same* vague and generic allegation of patent infringement against *each* Defendant in this action, accusing each Defendant of "making, using, providing, offering to sell, and selling ... hardware and/or software for protecting and/or authenticating information." See Complaint, ¶¶ 20-31. Plaintiffs baldly assert that "[a]nyone with even a passing connection to the computer industry would recognize this description as shorthand for personal firewalls." See Plaintiffs Opposition to AFT's Motion, p. 1. However, as Asus points out in its Reply,[1] the term "firewall" is not used or referenced anywhere in the asserted patents. See Asus' Reply (Document 74), p. 2. Nor is this term used anywhere in the Complaint, which would give notice of the grounds on which Plaintiffs' claim of infringement is based.

Moreover, in opposition to Asus' Motion, Plaintiffs state that the very same vague and generic description may include products and/or technology other than firewalls.

> Asus makes and sells "hardware and/or software for protecting and/or authenticating information" (*i.e.*, computers containing firewalls and/or **other** protecting/authenticating measures.

---

[1] Asus' Reply in support of its Motion to Dismiss is incorporated herein by reference in its entirety.

2
Motion to Dismiss, for a More Definite Statement and/or to Stay

Concepción Sexton & Martinez, Attorneys at Law
355 Alhambra Circle Suite 1250 • Coral Gables, Florida 33134 • Tel. 305.444.6669 • Fax. 305.444.3665
www.cfclaw.com

*See* Plaintiffs' Opposition to Asus' Motion (Document 58), p. 6 (emphasis added). Plaintiffs' contradictory statements plainly demonstrate that they want to have their cake and eat it too — by claiming that it is universal knowledge that their vague allegations in the Complaint denote firewalls, but reserving their right to construe the asserted patents more broadly to cover "other protecting/authenticating measures" later in this action.

As Plaintiffs have failed to give fair notice of the grounds on which their claim for patent infringement is based, that claim should be dismissed.

### B. Plaintiffs Have Not Provided Sufficient Notice of Infringement to Support Their Claim of Damages.

Plaintiffs contend that they are not required to mark patented products because (1) they do not sell any, and (2) because some of the claims in the asserted patents are process claims, *i.e.*, those claims are directed to processes, which cannot be marked. These arguments are red herrings. AFT does *not* contend that Plaintiffs are required to mark anything with the asserted patents. Rather, Plaintiffs have failed to provide sufficient notice of infringement to support their prayer for damages. AFT respectfully submits that this failure supports the conclusion that the Complaint fails to provide sufficient notice of infringement to set forth a cause of action for patent infringement.

Section 287(a) provides that a plaintiff may only recover damages for patent infringement which occurs after an accused infringer is notified of the infringement. *See* 35 U.S.C. § 287(a). In Amsted, the Federal Circuit clarified what constitutes notice of infringement in the context of two letters sent by the plaintiff to the defendant. *See* Amsted Industries Inc. v. Buckeye Steel Castings Co., 24 F.3d 178, 185-86 (Fed. Cir. 1994). The first announced Amsted's acquisition of the patent at issue, and warned Buckeye not to copy Amsted's product. *See id.* at 186. The

3
Motion to Dismiss, for a More Definite Statement and/or to Stay

second, sent three years later, accused Buckeye's product of infringing the same patent, and demanded Buckeye to cease and desist from further production and sales. *See id.* The Federal Circuit held that the first letter did not provide sufficient notice of infringement, and explained as follows:

> For purposes of section 287(a), notice must be of "the infringement," not merely notice of the patent's existence or ownership. Actual notice requires the affirmative communication of *a specific charge of infringement by a specific accused product or device.*

*See id.* at 186-87. In the present case, Plaintiffs' vague allegation of infringement is akin to the first letter sent by Amsted — it only identifies the patent at issue, without specifying a charge of infringement by a specific accused product or device. Therefore, the Complaint fails to provide sufficient notice of infringement.

### III.  CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiffs' Complaint, or, in the alternative, order Plaintiffs to amend the Complaint to set forth a more definite statement of the alleged patent infringement by AFT.

### CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2009 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those

4
Motion to Dismiss, for a More Definite Statement and/or to Stay

Concepción Sexton & Martinez, Attorneys at Law
355 Alhambra Circle Suite 1250 • Coral Gables, Florida 33134 • Tel. 305.444.6669 • Fax. 305.444.3665
www.cfclaw.com

counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

Respectfully Submitted

s// Elio F. Martinez

Elio F. Martinez, Esq.
Florida Bar No. 501158
emartinez@cfclaw.com
CONCEPCIÓN SEXTON & MARTINEZ
355 Alhambra Circle, Suite 1250
Coral Gables, Florida 33134
Tel.: 305-444-6669
Fax.: 305-446-3665

David M. Chernek, Esq.
david.chernek@chanlaw.com
Raymond K. Chan
raymond.chan@chanlaw.com
Thomas T. Chan
thomas.chan@chanlaw.com
Chan Law Group LLP
1055 West Seventh Street, Suite 1880
Los Angeles, California 90017
Telephone: (213-624-6560)
Attorneys for Defendant American Future
Technology Corp. d/b/a IBuyPower Computer

5
Motion to Dismiss, for a More Definite Statement and/or to Stay

Concepción Sexton & Martinez, Attorneys at Law
355 Alhambra Circle Suite 1250 • Coral Gables, Florida 33134 • Tel. 305.444.6669 • Fax. 305.444.3665
www.cfclaw.com

## SERVICE LIST

Alejandro Alvarez, Esq.
alex@floridatrialteam.com
Phillip E. Holden, Esq.
phillip@intergrityforjustice.com
The Alvarez Law Firm
355 Palermo Ave
Coral Gables, FL 33134
Telephone: (305) 444-7675
Facsimile: (305) 444-0075
Attorneys for Plaintiffs Global Innovation Technology Holdings, LLC and Information Protection and Authentication of Texas, LLC

Gary T. Stiphany, Esq.
gstiphany@lbgslaw.com
David Stuart Garbett, Esq.
dgarbett@lbgslaw.com
Garbett, Stiphany, Allen & Roza, P.A.
80 SW 8th Street, Suite 3100
Miami, FL 33130
Telephone: (305) 536-8882
Facsimile: (305) 579-4722

Daniel Ebenstein, Esq.
debenstein@arelaw.com
Abraham Kasdan, Esq.
akasdan@arelaw.com
Amster Pothsten & Ebenstein
90 Park Avenue, 21st Floor
New York, NY 10016
(212)697-5995
Attorneys for Defendant Panasonic Corp. of North America

Michael J. Higer, Esq.
Mhigher@hlglawyers.com
Higer Lichter & Givner, LLP
18305 Biscayne Blvd., Suite 402
Aventura, FL 33160
Telephone: (305) 933-9970
Facsimile: (305) 933-0998
Attorneys for Defendant Asus Computer International

6
Motion to Dismiss, for a More Definite Statement and/or to Stay

Concepción Sexton & Martinez, Attorneys at Law
355 Alhambra Circle Suite 1250 • Coral Gables, Florida 33134 • Tel. 305.444.6669 • Fax. 305.444.3665
www.cfclaw.com

Jonathan B. Morton, Esq.
Jonathan.morton@klgates.com
Robert C. Leitner, Esq.
Rob.leitner@klgates.com
K & L Gates, LLP
Wachovia Financial Center, Suite 3900
200 South Biscayne Blvd
Miami, FL 33131
Telephone: (305) 539-3300
Facsimile: (305) 358-7095

Michael J. Bettinger, Esq.
K & L Gates, LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
(415)882-8002
Mike.Bettinger@klgates.com

David T. McDonald, Esq.
K & L Gates, LLP
925 4th Ave, Suite 2900
Seattle, WA 98104
206-623-7580
david.macdonald@klgates.com

Roderick G. Williams, Esq.
Rick.williams@klgates.com
K & L Gates, LLP
111 Congress Ave, Suite 900
Austin, TX 78701
512-482-6800
Attorneys for Defendants Acer America Corporation, Dell, Inc., Alienware Corp Fujitsu Computer Systems Corp, Hewlett-Packard, Co., Motion Computer and Gateway, Inc.

David S. Almeling, Esq.
dalmeling@omm.com
George A. Riley, Esq.
griley@omm.com
Luann L. Simmons, Esq.
lsimmions@omm.com
O'Melveny & Myers, LLP
2 Embarcadero Center, 28th Floor
San Francisco, CA 94111
(415)984-8700

7
Motion to Dismiss, for a More Definite Statement and/or to Stay

James Gale, Esq.
Feldman Gale, P.A.
One Biscayne Tower, 30th Floor
2 South Biscayne Blvd.
Miami, FL 33131
Telephone: 305-358-5001
Fax: 305-358-3309
jgale@feldmangale.com

Richard Guerra, Esq.
Feldman Gale
2 S. Biscayne Blvd.
Miami, FL 33160
Telephone: 305-358-5001
Fax: 305-358-3309
rguerra@feldmangale.com
Attorneys for Defendant Apple, Inc

8
Motion to Dismiss, for a More Definite Statement and/or to Stay

Concepción Sexton & Martinez, Attorneys at Law
355 Alhambra Circle Suite 1250 • Coral Gables, Florida 33134 • Tel. 305.444.6669 • Fax. 305.444.3665
www.cfclaw.com