**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No. 09-20127-CIV-MORENO/TORRES**

GLOBAL INNOVATION TECHNOLOGY
HOLDINGS, LLC, and INFORMATION
PROTECTION AND AUTHENTICATION
OF TEXAS LLC,

        Plaintiffs,

        v.

ACER AMERICA CORP; ALIENWARE
CORP.; AMERICAN FUTURE
TECHNOLOGY CORP., D/B/A IBUYPOWER
COMPUTER; APPLE INC.; ASUS
COMPUTER INTERNATIONAL; DELL INC.;
FUJITSU COMPUTER SYSTEMS CORP.;
GATEWAY, INC.; HEWLETT-PACKARD
CO.; LENOVO INC.; MOTION COMPUTING,
INC.; and PANASONIC CORP. OF NORTH
AMERICA,

        Defendants.

_____

**DEFENDANT APPLE INC.'S REPLY IN SUPPORT**
**OF ITS MOTION FOR A MORE DEFINITE STATEMENT**

**I.   INTRODUCTION**

      Plaintiffs' Opposition cites numerous cases in which the courts ordered exactly what Apple requests here — that Plaintiffs amend the Complaint to identify the products that allegedly infringe the asserted patents. (Docket No. 9-10.)  Plaintiffs fail, however, to cite even a single case that condones a patent infringement plaintiff's failure to identify the allegedly infringing products. Plaintiffs instead ignore on-point authority and ask the Court to rely on generic notice pleading requirements. Plaintiffs' argument fails because this is a patent infringement action

and, as such, the pleading requirements for patent infringement actions irrefutably apply. Moreover, although Plaintiffs try to reassure the Court that Apple "should not be confused" by the Complaint's generic allegations, Plaintiffs nonetheless implicitly acknowledge the deficiencies in their Complaint by clarifying that their claim against Apple relates to allegedly infringing "computers containing personal firewalls" – a clarification that does not appear anywhere in the Complaint. It is unreasonable and unfairly prejudicial to force Apple to try to determine which of its own products – as well as all third-party products that may be used with Apple's products – relate to Plaintiffs' two patents and how all of these products might fall within Plaintiffs' interpretation of the over 250 claims of the asserted patents. Accordingly, the Court should order Plaintiffs to amend the Complaint to identify the products that allegedly infringe the asserted patents.[1]

## II.   ARGUMENT

### A.   Plaintiffs Have Failed To Give Apple The Required Notice Regarding What Products Allegedly Infringe The Asserted Patents.

Contrary to Plaintiffs' claims, Apple is not arguing for a heightened pleading requirement – Apple is arguing only that Plaintiffs comply with existing law. To satisfy Rule 8 in the context of alleged patent infringement, the plaintiff must notify the defendant of the products that allegedly infringe the asserted patents. *E.g.*, *Agilent Techs. Inc. v. Micromuse, Inc.*, No. 04 Civ. 3090, 2004 WL 2346152, at *5 (S.D.N.Y. Oct. 19, 2004).

The law is clear that when a patent infringement plaintiff fails to identify any allegedly infringing products, as Plaintiffs have in this action, the Court can and should require the

---

[1] Apple's Motion requested (1) an order staying the action under the first-to-file rule and the customer-suit doctrine, and (2) a motion for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure. (Docket No. 35.) The Court has denied the first request (Docket No. 76), and thus this Reply is focused exclusively on Apple's second request for relief.

plaintiff, pursuant to Rule 12(e), to amend its complaint to provide a more definite statement of its claims. *Taurus IP, LLC v. Ford Motor Co.*, 539 F. Supp. 2d 1122, 1127 (W.D. Wis. 2008).

Without citing any supporting law, Plaintiffs simply dismiss the on-point caselaw, arguing instead that under modern practice, parties should use discovery rather than the pleadings to narrow the issues. But even if the parties can use discovery to narrow the issues, Plaintiffs' argument ignores the fact that because of the inadequacy of the Complaint, Apple cannot frame a responsive pleading or engage in targeted discovery. This is the same situation as that in *Agilent Technologies*, where the court found that the plaintiff's complaint, which simply claimed that the defendant "makes, sells, or offers products for sale . . . that infringe on [plaintiff's] patents," did not meet the notice pleading requirement. *Agilent Techs. Inc.*, 2004 WL 2346152, at *6. Similarly, in *eSoft, Inc. v. Astaro Corp.*, the court found that a defendant in a patent infringement action cannot be expected to frame a responsive pleading "in the absence of any indication as to which of its products are accused." No. 06-cv-00441, 2006 WL 2164454, at *2 (D. Colo. July 31, 2006).

In its Opposition, Plaintiffs cite two inapposite cases, neither of which refute Apple's arguments. *Tuckish v. Pompano Motor Co.*, which does not involve patents or any other type of intellectual property, merely held that the defendant was not entitled to Rule 12(e) relief because that defendant was able to determine what claims it was expected to defend. 337 F. Supp. 2d 1313, 1322 (S.D. Fla. 2004). The same cannot be said in this case. The other case on which Plaintiffs rely actually supports Apple's position. In *United States v. Sequel Contr., Inc.,* the defendants requested, pursuant to Rule 12(e), that the plaintiff provide more "detail" in the complaint. 402 F. Supp. 2d 1142, 1154 (C.D. Cal. 2005). The court denied the motion, but, consistent with Apple's position, the court observed that a Rule 12(e) would be proper if a

3

defendant alleged that "it cannot identify the nature or substance of Plaintiff's claims." *Id.* Here, Plaintiffs have not simply failed to allege facts, or "details," that can be determined during the course of discovery. Rather, they have failed to allege the very nature of their claims. The Complaint is the proper vehicle for putting a defendant on notice of the substance of the claims asserted, not discovery, and Plaintiffs have failed to provide the required notice to Apple in this action. *Id.* at 1147.

### B. The Complaint Does Not Permit Apple To Frame A Responsive Pleading Without Undue Burden Or Prejudice.

In their Opposition, Plaintiffs make the conclusory allegation that Apple "should not be confused" and "has been placed on notice." (Pls.' Opp'n at 7.) However, Plaintiffs cannot credibly argue that they have provided sufficient notice of their claims against Apple. The Complaint makes the identical claim against Apple as it does against each of the 12 defendants in this action and each of the 21 defendants in the related action pending in Texas: that Apple makes, uses, provides or sells "hardware and/or software for protecting and/or authenticating information" that infringe Plaintiffs' asserted patents. (Compl. ¶ 23.) To respond to these broad allegations, Apple would be forced to investigate all the claims in the asserted patents – a total of over 250 claims – and determine which claims, if any, might apply to any of the software or hardware, which is made, used, provided, or sold by Apple, that "protects or authenticates" any type of information. Such an investigation is unduly burdensome and makes it virtually impossible for Apple to answer the Complaint or frame appropriate affirmative defenses. Additionally, without a more definite statement of Plaintiffs' claims, Plaintiffs could potentially seek discovery of Apple's entire line of products, which would unnecessarily complicate and lengthen the discovery process. Plaintiffs attempt to minimize the unreasonableness of this

4

burden by stating that other defendants answered the Complaint. But this has no bearing on whether the Complaint is burdensome and prejudicial to Apple.

Implicitly acknowledging the elusiveness of their claims against Apple, Plaintiffs attempt to provide in their Opposition the details regarding their claims that are lacking in their Complaint:

> Apple makes and sells "hardware and/or software for protecting and/or authenticating information" (i.e., computers containing firewalls and/or other protecting/authenticating measures). . . . Plaintiffs did not identify specific models in their Complaint because their pre-filing investigation led to conclude that *all* current Apple computers include an infringing personal firewall.

(Pls.' Opp'n at 7.) But Plaintiffs' Complaint does not mention "computers," "firewalls," or "personal firewalls," let alone explain what the terms "firewalls" or "personal firewalls" encompass. Thus, while Plaintiffs' Opposition attempts to dispel some of the uncertainty of its claims against Apple, such allegations properly belong in the Complaint. A plaintiff cannot cure a defective complaint by including additional information in its Opposition. *Agilent Techs. Inc.*, 2004 WL 2346152, at *6 (infringing products must be formally accused in the complaint, not Opposition papers).

### C. The Complaint Does Not Permit The Court Or Apple To Determine Whether Plaintiffs Have Satisfied Their Rule 11 Pre-Filing Obligations.

Pursuant to Rule 11, Plaintiffs were required to interpret the asserted claims of the patents and compare the accused products to those claims before filing this action. Fed. R. Civ. P. 11(b)(3); *Bay Indus., Inc. v. Tru-Arx Mfg., LLC*, No. 06-C-1010, 2006 WL 3469599, at *2 (E.D. Wis. Nov. 29, 2006). Assuming Plaintiffs satisfied this requirement and did properly investigate the claims before filing suit, there is no reason not to inform Apple precisely which products are at issue.

### III. CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court direct Plaintiffs to amend the Complaint to identify products that allegedly infringe the asserted patents.

Dated:  April 9, 2009

Respectfully submitted,
By: */s/ James A. Gale*  _
James A. Gale
Florida Bar No. 371726
jgale@feldmangale.com
Richard Guerra
Florida Bar No. 689521
rguerra@feldmangale.com
**FELDMAN GALE, P.A.**
One Biscayne Tower, 30th Floor
2 South Biscayne Blvd.
Miami, Florida 33131
Telephone:  305-358-5001
Facsimile:  305-358-3309

**O'MELVENY & MYERS LLP**
George A. Riley (griley@omm.com)
*Admitted pro hac vice* (CA Bar No. 118304)
Luann L. Simmons (lsimmons@omm.com)
*Admitted pro hac vice* (CA Bar No. 203526)
David S. Almeling (dalmeling@omm.com)
*Admitted pro hac vice* (CA Bar No. 235449)
2 Embarcadero Center, 28th Floor
San Francisco, CA 94111
415/984-8700 - phone
415/984-8701 - facsimile
***Attorneys for Defendant* Apple Inc.**

**CERTIFICATE OF COMPLIANCE**

In accordance with S.D. Fla. L.R. 7.1.A.3(a), it is hereby certified that undersigned counsel conferred with counsel for Plaintiffs in a good faith effort to resolve the issues raised herein but has been unable to do so.

**CERTIFICATE OF SERVICE**

I HEREBY certify that on April 9, 2009, I electronically filed the foregoing document with the Clerk of the Court CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronic Notices of Electronic Filing.

                                                               */s/ James A. Gale*
                                                               James A. Gale

**SERVICE LIST**
*Global Innovation Technology Holdings, LLC, et al. v. Acer America Corp., et al.*
**CASE NO. 09-20127-CIV-MORENO/TORRES**
**United States District Court, Southern District of Florida**

Alejandro Alvarez, Esq.
alex@floridatrialteam.com
Phillip E. Holden, Esq.
phillip@integrityforjustice.com
The Alvarez Law Firm
355 Palermo Avenue
Coral Gables, FL 33134
Telephone: 305/444-7675
Facsimile: 305/444-0075
*Attorneys for Plaintiffs Global Innovation Technology Holdings, LLC and Information Protection and Authentication of Texas, LLC*

Gary T. Stiphany, Esq.
gstiphany@lbgslaw.com
Garbett, Stiphany, Allen & Roza, P.A.
80 SW 8th St., Suite 3100
Miami, FL 33130
Telephone: 305/536-8882
Facsimile: 305/579-4722
*Attorneys for Defendant Panasonic Corp. of North America*

Michael J. Higer, Esq.
mhiger@hlglawyers.com
Higer Lichter & Givner LLP
18305 Biscayne Blvd., Suite 402
Aventura, FL 33160
Telephone: 305/933-9970
Facsimile: 305/933-0998
*Attorneys for Defendant Asus Computer International*

Elio F. Martinez, Jr.
emartinez@cflaw.com
Concepcion, Sexton & Martinez
355 Alhambra Circle, Suite 1250
Miami, FL 33134
Telephone: 305/444-6669
Facsimile: 305/444-3665

Raymond K. Chan
raymond.chan@chanlaw.com
Thomas T. Chan
thomas.chan@chanlaw.com
David M. Chernek
david.chernek@chanlaw.com
Chan Law Group LLP
1055 W. 7th Street, Suite 1880
Los Angeles, CA 90017
Telephone: 213/624-6560
*PRO HAC VICE*
*Attorneys for Defendant American Future Technology Corp.*

Jonathan Bart Morton, Esq.
jonathan.morton@klgates.com
Kirkpatrick & Lockhart Preston Gates Ellis LLP
200 S. Biscayne Blvd. 39th Floor
Miami, FL 33131
Telephone: 305/539-3357
Facsimile: 305/358-7095
*Attorneys for Defendants Acer America Corp., Alienware Corp., Dell Inc., and Gateway, Inc*

SF1:761949.2