**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 09-20127-CIV-MORENO/TURNOFF**

GLOBAL INNOVATION TECHNOLOGY HOLDINGS, LLC, and INFORMATION PROTECTION AND AUTHENTICATION OF TEXAS, LLC,

Plaintiffs,

v.

ACER AMERICA CORP., ALIENWARE CORP., AMERICAN FUTURE TECHNOLOGY CORP., d/b/a IBUYPOWER COMPUTER, APPLE INC., ASUS COMPUTER INTERNATIONAL, DELL INC., FUJITSU COMPUTER SYSTEM CORP., GATEWAY, INC., HEWLETT-PACKARD CO., LENOVO (UNITED STATES) INC., MOTION COMPUTING CO., and PANASONIC CORPORATION OF NORTH AMERICA,

Defendants.
_______________________________________/

**DEFENDANTS' OBJECTIONS TO REPORT AND**
**<u>RECOMMENDATION ON MOTION TO TRANSFER VENUE</u>**

Pursuant to Rule 4(b) of the Magistrate Judge Rules of the United States District Court for the Southern District of Florida, all Defendants in this action (with the exception of Apple, Inc. and Fujitsu America, Inc. (formerly known as Fujitsu Computer Systems Corporation))[1] hereby jointly file their Objections to Magistrate Judge Turnoff's Report and Recommendation [D.E. #170] on Defendant Asus Computer International's Motion to Transfer Venue to the Eastern District of Texas [D.E. #87] (the "Motion To Transfer Venue").

---

[1] Although Apple and Fujitsu do not formally join in these Objections or the relief sought in Defendant Asus Computer International's Motion to Transfer Venue to the Eastern District of Texas that is the subject of Magistrate Judge Turnoff's Report and Recommendation, undersigned counsel is authorized to represent that neither Apple nor Fujitsu oppose the relief sought in these Objections.

## INTRODUCTION

On December 30, 2008, Information Protection and Authentication of Texas, LLC ("IPAT") filed a patent infringement action in the Eastern District of Texas against twenty-one software manufacturers and one hardware manufacturer. A little over two weeks later, IPAT and its licensee, Global Innovation Technology Holdings, LLC ("Global"), filed the instant patent infringement action in this Court against twelve computer hardware manufacturers – almost all of which are customers of one or more of the defendant software manufacturers in the Texas action – alleging infringement of the same two patents.

Although there are over 20 additional defendants in the first-filed Texas action, the Texas action is virtually identical to the action that IPAT has filed in this Court, in that the instant action is based on the same patents, and the same allegations of infringement are made by Plaintiffs. Indeed, as best we can tell, the entire basis for the infringement allegations in this lawsuit is that the defendant hardware manufacturers in this case bundle onto their hardware the software manufactured by the Texas defendants, and it is the presence of ***that*** software in the hardware defendants' products that allegedly infringes the patents being asserted in both cases.

Thus, the Plaintiffs are pursuing two separate patent infringement actions involving the exact same two patents involving the same allegedly infringing products – the first filed action in Texas, and this later-filed action in Florida. As set forth in the Motion to Transfer Venue that is the subject of Magistrate Judge Turnoff's Report and Recommendation, this later-filed Florida action is duplicative of the first-filed Texas action, will waste scarce judicial resources, and creates the risk of inconsistent rulings, particularly given that different courts will be asked to construe the claims, analyze infringement, and determine the validity of the exact same patents at issue in both cases.

Indeed, in his Report and Recommendation Magistrate Judge Turnoff found that the cases are so similar that they should be consolidated. He also found that the factors considered on a motion to transfer either weigh in favor of, or are neutral with regard to, transfer of this case to the Eastern District of Texas, and he identified no relevant factors that weighed against transfer. Nevertheless, he declined to specifically recommend that the Motion To Transfer Venue be granted "at this time," instead recommending that this Court reevaluate the motion itself.

The only reason, however, alluded to by Magistrate Judge Turnoff is the fact that on April 29, 2009, the presiding Magistrate Judge in the Texas action, Magistrate Judge Charles Everingham, entered a Report and Recommendation that *sua sponte* recommended that the Texas action be transferred to this Court in its entirety. *See IPAT v. Symantec Corp., et al.*, 08-CV-484 (E.D. Tex.) at D.E. #211. This recommendation was not entered in response to any motion to transfer filed in that case; no such motion was filed. Instead, Magistrate Judge Everingham *sua sponte* recommended the transfer of that case to this District in response to Defendant Symantec Corp.'s Emergency Motion To Enjoin Plaintiff And Third-Party Defendant From Litigating A Later-filed And Duplicative Action, *id.*, at D.E. #149, after noting the accelerated scheduling order entered by the Court in this case.[2]

As set forth in the Motion To Transfer Venue, and based on Magistrate Judge Turnoff's own findings in the Report and Recommendation, there are at least five (5) independently compelling reasons why this Court should transfer this case to the forum of the first-filed related case—the Eastern District of Texas:

---

[2] There have been at least thirteen objections filed to Magistrate Judge Everingham's Report and Recommendation. The district judge presiding over the Texas action has not yet ruled on that Report and Recommendation. It should be noted that if the Texas action is transferred to this Court over 20 new defendants will become parties, and this Court's accelerated scheduling order would certainly need to be revised to accommodate the newly expanded case.

***First***, there is no dispute that the "first-filed" case pending in the Eastern District of Texas raises substantially identical issues of infringement, patent validity and claim construction as the instant case, and that there is no valid reason why the cases should be litigated in separate forums. Indeed, when asked directly by Magistrate Judge Turnoff whether there existed a danger of inconsistent rulings if the cases were not litigated before a single judge, Plaintiffs' counsel openly conceded that point. Under well-settled Eleventh Circuit, Southern District of Florida and other federal precedent, the "first-filed" rule strongly counsels -- if not outright mandates -- a transfer of this action to the Eastern District of Texas.

***Second***, there is also no dispute – and Magistrate Judge Turnoff specifically found -- that the federal district court in Texas would provide an adequate alternative forum and that there would not be any undue inconvenience or prejudice if the case is transferred to Texas—thereby satisfying two of the three requirements for a transfer under 28 U.S.C. §1404. Magistrate Judge Turnoff also found that all of the relevant private and public factors either weigh in favor of transfer or are neutral on the subject.

***Third***, there are no factors that would make this Court any more convenient than the forum of the first-filed case. Plaintiffs' only argument to the contrary is that Plaintiff Global, and its principal, Addison Fischer (the named inventor on the patents in suit), are residents of Florida. However, Plaintiffs' counsel has made it clear to Defendants that Florida *is an inconvenient forum even for Mr. Fischer*, informing Defendants that Mr. Fischer is not available for deposition in Florida, but only in Europe.

***Fourth***, Magistrate Judge Turnoff's Report and Recommendation did not identify any "compelling circumstances" that would "tip the balance heavily" in favor of litigating this case in

this forum rather than in the forum of the first-filed case, and none exist. In fact, Magistrate Judge Turnoff did not identify ***any*** relevant factors that weigh against transfer of this case.

***Fifth,*** and finally, the plaintiffs' choice of forum should be given no weight in this particular case because IPAT filed two cases in two different forums involving the same claims and allegations of infringement of the same patents. IPAT apparently filed the two cases in different districts in the hopes of obtaining either a different result or a more favorable schedule in one forum versus the other. Under these circumstances, a plaintiff's choice of forum is entitled to little or no weight. Instead, as at least one federal court has put it, a plaintiff in this situation "is in no position to complain of prejudice or tactical advantage from merely being obliged to conclude what it began in [the first filed] … forum." *Portfolio Techn., Inc. v. Intellx, Inc.,* No. 05-cv-159, 2005 WL 1189604, *5 (W.D.Mich. May 19, 2005).

Each of these reasons, or any of them, strongly counsel in favor of transferring this action to the Eastern District of Texas. Consequently, this Court should overrule Magistrate Judge Turnoff's Report and Recommendation and transfer this case to the Eastern District of Texas.

**ARGUMENT**

## I. The Applicable Law

To succeed on a motion to transfer venue under 28 U.S.C. §1404(a), a movant must show (1) an adequate alternative forum, (2) that, when balanced, public and private factors weigh in favor of transfer; and (3) that the plaintiff can reinstate his action in the alternative forum without undue inconvenience or prejudice. *Leon v. Miller Air, Inc.,* 251 F.3d 1305, 1310-11 (11th Cir. 2001). Congress has authorized the federal courts to transfer the venue of a case to avoid unnecessary inconvenience to the litigants, witnesses and the public, and to conserve time, energy and scarce judicial resources. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

Moreover, it is well established that "[w]here two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005); *see also West Gulf Maritime Assoc. v. ILA Deep Sea Local 24*, 751 F.2d 721, 730 (5th Cir. 1985) (the first-to-file rule provides that "the court with prior jurisdiction over the common subject matter should resolve all issues presented in related actions") (internal quotations omitted). This principle, which is plainly applicable here, is designed to preserve judicial resources and prevent conflicting results. *Manuel,* 430 F.3d at 1135; *see also Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976) ("[a]s between federal district courts . . . the general principle is to avoid duplicative litigation").

In patent cases in particular, the rule also serves to avoid the "untenable prospect" of conflicting claim constructions, which are highly relevant to issues of infringement and invalidity. *Interactive Music Techonology, LLC v. Roland Corp.*, 2008 WL 245142, at *11 (E.D. Tex. Jan. 29, 2008); *The Whistler Group, Inc. v. PNI Corp.*, 2003 U.S. Dist. LEXIS 21968, at *14 (N.D. Tex. Dec. 5, 2003); *see also KSR Int'l Co. v. Teleflex, Inc.*, 127 S. Ct. 1727, 1739 (2007) (noting that the need for "uniformity" in cases involving the validity of patents has long been recognized by the Supreme Court). As recognized by the court in *Holley Performance Prod., Inc. v. Barry Grant, Inc.*, No. 04 C 5758, 2004 WL 3119017, *7 (N.D. Ill. Dec. 20, 2004), "[t]here is a great risk that consideration of the same patent by two separate federal courts will create inconsistent results, particularly with respect to claim construction rulings." *See also Arete Power, Inc. v. Beacon Power Corp.*, No. C 07-5167 WDB, 2008 WL 508477, at *11(N.D. Cal. Feb. 22, 2008) (transferring patent case and recognizing that "[c]oncentrating responsibility for

rulings and guidance in one court reduces both inefficiencies ... and the risk that the parties and witnesses will be subject to inconsistent directives").

Generally, the forum where the first-filed action was initiated retains its priority unless there is a showing that the balance of convenience tips heavily in favor of litigating in the second forum, or there are other special circumstances that justify giving priority to the second action. *Tingley Sys., Inc. v. Bay State HMO Mgmt., Inc.*, 833 F.Supp. 882, 887 (M.D. Fla. 1993). "[T]he party objecting to jurisdiction in the first filed forum [must] carry the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." *Manuel*, 430 F.3d at 1135 (citations omitted).

Neither of those exceptions to the first-to-file rule applies here, and neither Plaintiffs nor Magistrate Judge Turnoff have identified a single "compelling circumstance" that counsels against application of the first-filed rule. Further, all of the requirements for a transfer under §1404 are present here. Accordingly, this Court should defer to the first-filed Texas case and transfer this related case.

**II. The Requirements For Transfer Under 28 U.S.C. §1404 Have Been Met.**

As Magistrate Judge Turnoff specifically found, the federal district court in Texas would provide an adequate alternative forum. Further, he also found that there would not be any undue inconvenience or prejudice if the case is transferred to that court.

The only remaining inquiry under 28 U.S.C. §1404, therefore, is the balancing of certain public and private factors to determine if they weigh for or against transfer. Courts typically consider several factors, including: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of

unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *See id.* at 1135 n.1. Magistrate Judge Turnoff found that all of these factors either weigh in favor of transfer or are neutral on the subject. Therefore, the balance of these factors weighs in favor of transfer. Nevertheless, we discuss a few additional considerations below.

**A. The Texas Forum Is The Most Convenient.**

Several of the factors in the balancing analysis relate to convenience issues. Notably, after examining those factors, Magistrate Judge Turnoff found that "[a] transfer would, no doubt, be convenient." (R&R, D.E. #170, at 5.) In fact, Plaintiffs' only argument alleging that Florida would be a more convenient forum was that Plaintiff Global, and its principal, Addison Fischer, are residents of Florida. However, Defendants have been informed by counsel for Plaintiffs that Mr. Fischer is unavailable for depositions in Florida, and will only be available to be deposed in Europe. Declaration of Fred I. Williams (attached hereto as **Exhibit A**) at ¶ 2. Therefore, although Global and Mr. Fischer purport to be residents of Florida, it is apparently not a convenient forum even for them for purposes of this litigation.

**B. IPAT's Choice Of Forum Is Entitled To No Weight.**

Another factor in this balancing analysis deals with the weight that should be accorded to the plaintiff's choice of forum. Magistrate Judge Turnoff's Report and Recommendation cites the principle that "[a] Plaintiff's choice of forum is rarely disturbed." (R&R, D.E. #170, at 4.) However, as the Eleventh Circuit has made clear, deference should only be given to the forum chosen by the *first* plaintiff to file when two mirror-image cases are filed in separate jurisdictions. *Manuel*, 430 F.3d at 1135. In this case, where the *same* plaintiff has filed two

nearly identical cases in two separate jurisdictions, this Court should afford *even less weight* to plaintiff's choice of forum in the second case. As one district court ruled in a similar situation:

> What is clear is that [the plaintiff], which chose the New Jersey forum for the first-filed case, is in no position to complain of prejudice or tactical advantage from merely being obliged to conclude what it began in that forum before involving another federal court in a dispute involving the same patent and product, if not the same parties. Under the circumstances, the court is not inclined to conclude that equity demands that the first-to-file rule be set aside.

*Portfolio Techn., Inc.,* 2005 WL 1189604, at *5. Like the plaintiff in the *Portfolio* case, Plaintiffs here apparently tried to obtain a strategic litigation advantage by filing two suits in different districts in the hopes of obtaining either a different result or a more expedited schedule in one forum versus the other. A plaintiff's choice of forum should be given no weight in such a situation.

**C. Trial Efficiency And The Interests Of Justice Also Favor Transfer.**

The last factor in the balancing analysis—trial efficiency and the interests of justice—also militates heavily in favor of transfer. Burdening this Court with the same patent infringement and validity issues that are at issue in Texas would certainly not promote judicial efficiency. There is no reason for both courts to devote their limited resources to identical *Markman* hearings, discovery, and complex trials on identical infringement and validity issues. Indeed, as Judge Marra of this District recognized less than one month ago,

> Certainly, judicial efficiency is not promoted by litigating in this Court patent infringement and validity issues that are substantially the same as those that must be resolved in [the first filed forum], regardless of whether this action has a few additional components that must be independently considered.

*Breckenridge Pharmaceutical, Inc. v. KV Pharmaceutical Co.*, No. 08-80963-CIV-MARRA/ JOHNSON (S.D. Fla. May 19, 2009) (ordering transfer of second-filed patent infringement action to district where similar but not identical first-filed action was pending).[3]

Given the virtually complete overlap between the infringement and validity issues in these two cases,[4] there is a real danger of conflicting rulings on claim construction, infringement and validity issues if the cases proceed simultaneously in two different judicial districts. Allowing IPAT and Global to proceed in Florida only creates a "heightened risk of inconsistent rulings which . . . promotes uncertainty," *Whistler Group,* 2003 U.S. Dist. LEXIS 21968, at *14, and presents "the untenable prospect of infringement actions involving the same plaintiff litigating on the same patent[s] in two separate venues," which may result in "potential confusion on appeal, as it would lead to competing claim constructions." *Interactive Music,* 2008 WL 245142, at *11; *see also Holley Performance Prod.*, 2004 WL 3119017, at *7 ("[t]here is a great risk that consideration of the same patent by two separate federal courts will create inconsistent results, particularly with respect to claim construction rulings"). Plaintiffs' counsel even conceded this point at the hearing held before Magistrate Judge Turnoff on May 26, 2009:

> The Court: .... [L]et me ask you this: The same patents are involved in both lawsuits, correct?
>
> Mr. Holden: That's correct, Your Honor.
>
> The Court: The 591 and the 717 patent, right?

---

3 For convenience, a copy of Judge Marra's *Order And Opinion Granting Transfer* entered in the *Breckenridge* case is attached hereto as **Exhibit B**.

4 When they filed the instant action, IPAT and Global acknowledged on the civil cover sheet that the Texas case is a "related action," an act which itself "militat[es] in favor of" finding that the actions are duplicative. *Save Power Ltd v. Syntek Finance Corp.*, 121 F.3d 947, 951-52 (5th Cir. 1997).

Mr. Holden: Correct.

The Court: And so isn't there a possibility that there would be inconsistent findings concerning either the validity, ownership, or whatever, of those patents in two different jurisdictions?

Mr. Holden: There is a possibility, Your Honor.

Transcript of May 26, 2009 Status Conference Hearing, p. 21, lines 21-25.

Fortunately, the danger of inconsistent rulings could be avoided by transferring this case to the Texas forum, which is the proper result under a 28 U.S.C. §1404 analysis and under the first-to-file rule. *See Arete Power*, 2008 WL at 508477, at *11 (transferring patent case and recognizing that "[c]oncentrating responsibility for rulings and guidance in one court reduces both inefficiencies . . . and the risk that the parties or witnesses will be subject to inconsistent directives.").

**III. There Are No Compelling Circumstances To Override The First-To-File Rule, And There Are Compelling Reasons To Follow It.**

Nothing in Magistrate Judge Turnoff's Report and Recommendation or elsewhere in the record identifies any factors weighing against transfer of this case to the forum of the first-filed case. Accordingly, there are certainly no "compelling circumstances" that would "tip the balance heavily" in favor of litigating this case in this forum rather than in the forum of the first-filed case. *Manuel*, 430 F.3d at 1135.

To the contrary, because the primary infringement allegations in this case are directed at software designed and manufactured by the Texas defendants, and not by their hardware customers that are the Defendants in this action, the federal courts have recognized in this scenario an additional compelling reason in favor of transfer. Many federal courts (including the Eastern District of Texas, the proposed transferee court) have recognized that infringement determinations should be made in suits involving the "true defendant in the plaintiff's suit, *i.e.*

the party that controls the product's design, rather than in suits involving secondary parties," *e.g.*, mere customers or secondary manufacturers that do not control the product's design. *Cienna Corp. v. Nortel Networks, Inc.*, 2005 WL 1189881, at *9 (E.D Tex. May 19, 2005); *see also Ricoh Co., Ltd. v. Aeroflex, Inc.*, 279 F. Supp.2d 554, 557 (D. Del. 2003) ("the manufacturer is presumed to have a greater interest in defending its actions against charges of patent infringement"); *Andco Environmental Processes, Inc. v. Niagara Environmental Assoc., Inc.*, 211 U.S.P.Q. 544, 549 (W.D.N.Y. 1981) ("[w]here. . . the first suit is a suit against the manufacturer, there is little justification for allowing the second suit to take priority").

## CONCLUSION

There exists no reason, much less the type of "compelling" reason required to deny transfer, why this Court should not follow the first-to-file rule, and this case presents compelling reasons to apply the first-to-file rule. Defendants respectfully request, therefore, that the Court overrule Magistrate Judge Turnoff's Report and Recommendation and transfer this action to the United States District Court for the Eastern District of Texas.

Dated: June 8, 2009 Respectfully submitted,



STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.
Museum Tower ▪ 150 West Flagler Street ▪ Miami, FL 33130 ▪ 305-789-3200

/s/ Fred I. Williams (with permission)
Fred I. Williams, Esq.
fwilliams@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
300 W. 6th Street, Suite 2100
Austin, TX 78701
Telephone: (512) 499-6218
Facsimile: (512) 499-6290

Ira R. Hatton
ihatton@akingump.com
AKIN GUMP STRAUSS HAUER & FELD LLP
1111 Louisiana Street, 44th Floor
Houston, TX 77002
Telephone: (713) 220-5893
Facsimile: (713) 236-0822

*Attorneys for Lenovo (United States), Inc.*

/s/ Jay Brian Shapiro
Jay Brian Shapiro, Esq.
jshapiro@swmwas.com
STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON
150 W. Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 789-3229
Facsimile: (305) 789-3395

*Attorney for Lenovo (United States), Inc.*

/s/ Jonathan B. Morton (with permission)
Jonathan B. Morton, Esq.
jonathan.morton@klgates.com
Robert Clayton Leitner, II, Esq.
rob.leitner@klgates.com
**K&L GATES LLP**
Wachovia Financial Center, Suite 3900
200 South Biscayne Boulevard
Miami, FL 33131
Telephone:(305) 539-3300
Facsimile: (305) 358-7095

*Attorneys for Defendants Acer America Corp., Alienware Corp., Dell, Inc. , Gateway, Inc., Fujitsu Computer Systems Corp., and Motion Computer, Inc.*

/s/ Michael J. Bettiner (with permission)
Michael J. Bettinger, Esq.
mike.bettinger@klgates.com
Elaine Y. Chow, Esq.
elaine.chow@klgates.com
**K&L GATES LLP**
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone:(415) 882-8200
Facsimile: (415) 882-8220

*Attorneys for Defendants Acer America Corp., Alienware Corp., Dell, Inc., Gateway, Inc., Fujitsu America, Inc. (formerly known as Fujitsu Computer Systems Corporation) and Motion Computer, Inc.*

/s/ Elio F. Martinez (with permission)
Elio F. Martinez, Esq.
emartinez@cfclaw.com
**CONCEPCIÓN SEXTON & MARTINEZ**
355 Alhambra Circle, Suite 1250
Coral Gables, FL 33134
Telephone:(305) 444-6669
Facsimile: (305) 446-3665

*Attorneys for Defendant American Future Technology Corp. d/b/a iBuyPower Computer*

/s/ David M. Chernek (with permission)
David M. Chernek, Esq.
david.chernek@chanlaw.com
Raymond K. Chan, Esq.
Raymond.chan@chanlaw.com
Thomas T. Chan, Esq.
Thomas.chan@chanlaw.com
**CHAN LAW GROUP, LLP**
1055 West Seventh Street, Suite 1880
Los Angeles, CA 90017
Telephone:(213) 624-6560
Facsimile: (213) 662-1154

*Attorneys for Defendant American Future Technology Corp. d/b/a iBuyPower Computer*

/s/ Michael J. Higer (with permission)
Michael J. Higer, Esq.
mhiger@hlglawyers.com
**HIGER LICHTER & GIVNER, LLP**
18305 Biscayne Boulevard, Suite 402
Aventura, FL 33160
Telephone:(305) 933-9970
Facsimile: (305) 933-0998

*Attorneys for Defendant Asus Computer International*

/s/ David S. Garbett (with permission)
David S. Garbett, Esq.
dgarbett@lbgslaw.com
Gary T. Stiphany, Esq.
gstiphany@lbgslaw.com
**GARBETT STIPHANY, ALLEN & ROZA, PA**
80 SW 8th Street, Suite 3100
Miami, FL 33130
Telephone:(305) 536-8882
Facsimile: (305) 579-4722

*Attorneys for Defendant Panasonic Corp. of North America*

/s/ Abraham Kasdan (with permission)
Abraham Kasdan, Esq.
akasdan@arelaw.com
Daniel S. Ebenstein, Esq.
debenstein@arelaw.com
**AMSTER ROTHSTEIN & EBENSTEIN LLP**
90 Park Avenue, 21st Floor
New York, NY 10016
Telephone:(212) 336-8000
Facsimile: (212) 336-8001

*Attorneys for Defendant Panasonic Corp. of North America*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 8, 2009, I electronically filed the foregoing document with the Clerk of Court using CM/ECF and that CM/ECF will send an e-notice of the electronic filing to the following:

*All Counsel of Record*

/s/ Jay B. Shapiro
Jay B. Shapiro