IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-20127-CIV-MORENO/TURNOFF

GLOBAL INNOVATION TECHNOLOGY
HOLDINGS, LLC and INFORMATION
PROTECTION AND AUTHENTICATION
OF TEXAS, LLC,

    Plaintiffs,

vs.


ACER AMERICA CORP., ALIENWARE CORP.,
AMERICAN FUTURE TECHNOLOGY CORP.,
d/b/a/ IBUYPOWER COMPUTER, APPLE INC.,
ASUS COMPUTER INTERNATIONAL, DELL
INC., FUJITSU COMPUTER SYSTEMS CORP.,
GATEWAY, INC., HEWLETT-PACKARD CO.,
LENOVO, UNITED STATES, INC., and
PANASONIC CORP. OF NORTH AMERICA,

    Defendants.
_____/

## DEFENDANT ACI'S SUPPLEMENT TO DEFENDANTS' OBJECTIONS TO REPORT AND RECOMMENDATION ON MOTION TO TRANSFER VENUE

Pursuant to the applicable rules of this Court, Defendant Asus Computer International ("ACI") hereby supplements Defendants' objections to Magistrate Judge Turnoff's Report and Recommendation on Defendants' motion to transfer venue (D.E. 173):

On, June 9, 2009, in *IPAT v Symantec Corp.,* United States District Court, Eastern District of Texas, Civ. Dkt. 2:08CV484 ("Texas action"), Chief Judge Folsom overruled Magistrate Judge Everingham's recommendation that the Texas action

Higer Lichter & Givner

should be transferred to this Court. As a result, the *only* identified basis for Magistrate Judge Turnoff's recommendation to deny transfer of this case to Texas no longer exists. Accordingly, this Court should transfer this case to Texas.

In ruling, Judge Folsom indicated that pursuant to Fifth and Eleventh Circuit precedent, it is for this Court to determine whether there is a "'likelihood of substantial overlap'" between the two cases and, if so, then this Court should transfer this case to Texas. Texas Court Order, attached as Exhibit A, at 3.

Plaintiffs have admitted that the two cases overlap. Both cases involve the same asserted patents and the same accused products. In this case, Plaintiffs have also admitted that "[t]he same patents are at issue . . . So there may be, at least according to some of the defendants, some overlap among the accused products." D.E. 156 at p. 9. Similarly, in the Texas action, although Plaintiff IPAT stubbornly refused to acknowledge "substantial" overlap, it conceded that there was "some overlap." D.E. 175 pp. 12, 13, and 15-17.

When Magistrate Judge Everingham asked whether Plaintiffs were asserting claims of infringement against the hardware defendants in Florida based on their bundling of software that is sold by the Texas defendants, counsel for Plaintiffs not only admitted that "there may be some overlap," but he was simply unable to articulate how the two cases would differ with respect to issues of infringement, claim construction and invalidity:

> 25      THE COURT: Tell me how the infringement
> 1  proof is going to be different.
>
> 2      MR. DAVIS: Well, Your Honor, I can't give

```
 3  you a complete analysis of that at this time, but we
 4  believe that the –


 5         THE COURT: Are you asserting claims of
 6  infringement against the hardware manufacturers in
 7  Florida based on their bundling of software that's sold
 8  by the defendants in this case?

 9         MR. DAVIS: Your Honor, there may be some
10  overlap in that regard. We -- we don't deny that we
11  have -- as we have, you know, spoken with some of the
12  defendants, and based on their papers, they've alleged
13  that there is bundling. However, we don't know the
14  extent of that, as it's still very early in the
15  discovery period.
```

D.E. 156 at pp. 55-56.

Plaintiffs have also admitted that, if the Texas and Florida cases continue in separate jurisdictions, there is a possibility of inconsistent findings.[1]  Finally, Magistrate Judge Turnoff stated in his Report that the two cases share a common question of fact or law and should be consolidated.  There is more than sufficient overlap – not just a mere "likelihood" – between the Texas and Florida cases to warrant transfer of the second-filed Florida case to Texas.

## CONCLUSION

In declining to transfer the Texas case to Florida, Judge Folsom has eliminated the only identified basis for Magistrate Judge Turnoff's recommendation that this case not be transferred to Texas.  Judge Folsom also ruled that this Court has the authority under Fifth and Eleventh Circuit precedent to determine whether there is a likelihood of substantial overlap between the two actions and, if so, this

3

Higer Lichter & Givner

CASE NO.: 09-20127-CIV-MORENO/TORRES

Court should then transfer this case to Texas. Given the indisputable overlap between the two actions, this Court should transfer the Florida action to the first-filed Texas court. Accordingly, this Court should overrule Magistrate Judge Turnoff's Report and Recommendation and transfer this action to the United States District Court for the Eastern District of Texas.

Dated: June 15, 2009

                                    Respectfully Submitted,

                                    Higer Lichter & Givner, LLP
                                    18305 Biscayne Blvd., Suite 402
                                    Aventura, FL 33160
                                    Telephone: 305-933-9970
                                    Facsimile : 305-933-0998

                              By: s/Michael J. Higer
                                    Michael J. Higer
                                    Florida Bar No. 500798
                                    MHiger@HLGLawyers.com

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on a true and correct copy was served via U.S. Mail on this 15th day of June, 2009 to all parties on the attached service list.

                                    s/Michael J. Higer
                                    Michael J. Higer

---

[1] D.E. 173 at p. 11.

Civil Action No. 1:09-cv-20127-MORENO/TURNOFF

## SERVICE LIST

CASE NO.: 09-20127-CIV-MORENO/TORRES
United States District Court, Southern District of Florida

Alex Alvarez, Esq.
The Alvarez Law Firm
355 Palermo Avenue
Coral Gables, FL 33134
305-444-7675
305-444-0075 fax

John F. Ward, Esq.
Ward & Olivo
380 Madison Avenue
New York, NY 10017
212-697-6262
212-972-5866  fax

W. Lewis Garrison, Jr., Esq.
Heninger Garrison & Davis, LLC
2224 1st Avenue North
Birmingham, Alabama 35203
205-326-3336
205-326-3332  fax

William E. Davis, III, Esq.
The Davis Firm P.C.
111 W. Tyler Street
Longview, TX 75601
903-230-9090
903-230-9661  fax

Elio Martinez, Esq.
Concepcion Sexton & Martinez
355 Alhambra Cirlce, Suite 1250
Coral Gables, FL 33134

Jay B. Shapiro, Esq.
Stearns Weaver, et al
150 W. Flagler Street, #2200
Miami, FL 33130

Brian D. Hancock, Esq.
Douglas L. Bridges, Esq.
W. Lewis Garrison, Jr.
Heninger Garrison Davis, LLC
2224 1st Avenue North
Birmingham, AL 35203

Jonathan B. Morton, Esq.
Robert C. Leitner, II, Esq.
Kirkpatrick & Lockhart
200 S. Biscayne Blvd., 39th Floor
Miami, FL 33131

Michael J. Bettinger, Esq.
Elaine Y. Chow, Esq.
Kirkpatrick & Lockhart
Four Embarcadero Center, #1200
Seattle, WA 98104

David T. McDonald, Esq.
K&L Gates, LLP
925 4th Avenue, Suite 2900
Seattle, WA 98104

Roderick B. Williams, Esq.
K&L Gates, LLP
111 Congress Avenue, #900
Austin, TX 78701

David M. Chernek, Esq.
Raymond K. Chan, Esq.
Chan Law Group, LLP
1055 W. 7th Street, Suite 1880
Los Angeles, CA 90017

Higer Lichter & Givner

CASE NO.: 09-20127-CIV-MORENO/TORRES

James A. Gale, Esq.
Richard Guerra, Esq.
One Biscayne Tower, 30th Fl
2 S. Biscayne Blvd.
Miami, FL 33131

David S. Almeling, Esq.
George A. Riley, Esq.
O' Melveny & Myers, LLP
2 Embarcadero Center, 28th Fl
San Francisco, CA 94111