**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| (1) GLOBAL INNOVATION TECHNOLOGY HOLDINGS, LLC, and<br>(2) INFORMATION PROTECTION AND AUTHENTICATION OF TEXAS, LLC,<br><br>    Plaintiffs,<br><br>  v.<br><br>(1) ACER AMERICA CORP.,<br>(2) ALIENWARE CORP.,<br>(3) AMERICAN FUTURE TECHNOLOGY CORP., D/B/A IBUYPOWER COMPUTER,<br>(4) APPLE INC.,<br>(5) ASUS COMPUTER INTERNATIONAL,<br>(6) DELL INC.,<br>(7) FUJITSU COMPUTER SYSTEMS CORP.,<br>(8) GATEWAY, INC.,<br>(9) LENOVO (UNITED STATES) INC.,<br>(10) MOTION COMPUTING, INC., AND<br>(11) PANASONIC CORP. OF NORTH AMERICA,<br><br>    Defendants. | Civil Action No. 2:09-cv-198 DF<br><br>ORAL ARGUMENT REQUESTED |

**DEFENDANTS' MOTION TO STAY PROCEEDINGS
AGAINST THE HARDWARE-ONLY DEFENDANTS
AND SUPPORTING MEMORANDUM OF LAW**

I.   INTRODUCTION

Defendants Acer America Corp., Alienware Corp., American Future Technology Corp., Dell Inc., Fujitsu Computer Systems Corp., Gateway, Inc., Lenovo (United States) Inc., Motion Computing, Inc., and Panasonic Corp. of North America (collectively "Hardware-only Defendants") respectfully submit this Motion to Stay Proceedings against the Hardware-only Defendants[1] in this action pending resolution of the patent infringement claims asserted against the software developers ("Software Developers") in another suit currently before this Court in the Eastern District of Texas, Civil Action No. 2:08-cv-00484.[2]

The claims against the Hardware-only Defendants in this case and against the Software Developers in the other case involve the same asserted patents. Additionally, Plaintiffs have admitted that the claims against the Hardware-only Defendants and are based upon the computer security software developed by some of the Software Developers. The Hardware-only Defendants are simply customers of this software provided by some of the Software Developers. Staying the infringement claims against the Hardware-only Defendants pending resolution of the infringement claims against the Software Developers will not only promote efficiency and judicial economy, but will also be consistent with the "customer suit" doctrine, in which a suit brought by a patent owner against the manufacturer of an accused product should be given priority over a suit against the manufacturer's customers. Furthermore, staying the claims against the Hardware-only Defendants will not prejudice the Plaintiffs, because they will still be able to pursue their claims against the accused security software and the Software Developers.

---

[1] Although Defendant Apple Inc. is not a Hardware-only Defendant, Apple does not oppose this motion. If this Court stays the case as to the Hardware-only Defendants but not as to Apple, Apple will request that the claims against it be consolidated into the related, first-filed case, Civil Action No. 2:08-cv-00484.

[2] Hardware company Velocity Micro, Inc. has filed a concurrent motion to stay the claims against pending resolution of the claims against the Software Developers in Cvil Action No. 2:08-cv-00484.

## II.   FACTUAL BACKGROUND

### A.   Plaintiffs are Substantially Identical in Both Cases

Plaintiff Information Protection and Authentication of Texas, LLC ("IPAT") is a limited liability corporation organized under the laws of the State of Texas. Complaint [Dkt. No. 1], ¶ 2. Addison M. Fischer is identified in IPAT LLC's filing as IPAT's "governing person." *See* State of Texas Certificate of Formation, attached as Exhibit A hereto.  Plaintiff Global Innovation Technology Holdings, LLC ("Global") is a limited liability company organized under the laws of the State of Florida. Complaint [Dkt. No. 1], ¶ 2.  Addison M. Fischer is also identified, in Global LLC's filing and on the Florida Department of State, Division of Corporations' web site (http://sunbiz.org), as Global's "manager."  *See* Electronic Articles of Organization for Florida Limited Liability Company, attached as Exhibit B hereto.  Moreover, Addison M. Fischer is the sole inventor listed on the '591 and '717 patents. *See* Complaint [Dkt. No. 1], Exhibits A and B.

### B.   The Hardware-only Defendants are "Customers" and the Software Developer Defendants are "Manufacturers"

The Hardware-only Defendants make and sell personal computers and computer hardware.  Various computer software products are bundled with the Hardware-only Defendants' computer hardware, such as computer operating systems and computer security software, which the Hardware-only Defendants license from third-party software developers, including many of the Software Developers.  The Hardware-only Defendants do not manufacture any product that ostensibly falls within the scope of the subject matter described in the '591 and '717 patents.

The Hardware-only Defendants license their operating systems and additional computer security software, if any, from some of the Software Developers who are currently defendants in the other case before this Court, Civil Action No. 2:08-cv-00484.

**C.     The Allegations Against the Hardware-only Defendants and Against the Software Developers are Virtually Identical**

On December 30, 2008, IPAT filed suit against 21 software developers and one hardware manufacturer,[3] alleging infringement of U.S. Patent Nos. 5,311,591 and 5,412,717 (collectively the "Patents-in-Suit")– the same patents that are at issue here. *See Information Protection and Authentication of Texas, LLC v. Symantec Corp., et al.*, Civil Action No. 2:08-CV-484, First Amended Complaint. IPAT made vague, general allegations against each Defendant:

> Upon information and belief, **[Defendant] has infringed and continues to infringe one or more claims of the '591 and '717 patents by making, using, providing, offering to sell, and selling** (directly or through intermediaries), in this district and elsewhere in the United States, **hardware and/or software for protecting and/or authenticating information**. Upon information and belief, [Defendant] has also contributed to the infringement of one or more claims of the '591 and '717 patents, and/or actively induced others to infringe one or more claims of the '591 and '717 patents, in this district and elsewhere in the United States.

Software Complaint [Dkt. No. 1], ¶¶ 30-51 (emphasis added).

Two weeks later, On January 15, 2009, Plaintiffs IPAT and Global (collectively "Plaintiffs") filed suit in the Southern District of Florida alleging that 12 computer hardware sellers, including the Hardware-only Defendants, infringe the same Patents-in-Suit. *See Information Protection and Authentication of Texas, LLC, et al. v. Acer America Corp., et al.*, Civil Action No. 1:09-cv-20127-FAM. Plaintiffs did not, however, accuse any specific products manufactured by Hardware-only Defendants. Instead, Plaintiffs only made the same vague, general allegations against each Hardware Defendant that were asserted against the Software Developers two weeks before:

> Upon information and belief, **[Defendant] has infringed and continues to infringe one or more claims of the '591 and '717 patents by making, using, providing, offering to sell, and selling** (directly or through intermediaries), in this district and elsewhere in the United States, **hardware and/or software for**

---

[3] Based on discussions with counsel for IPAT, the one hardware manufacturer in the other case, Velocity Micro, Inc. was mistakenly added as a party in that case. Velocity Micro, Inc. should have been a party in this case.

> **protecting and/or authenticating information**. Upon information and belief, [Defendant] has also contributed to the infringement of one or more claims of the '591 and '717 patents, and/or actively induced others to infringe one or more claims of the '591 and '717 patents, in this district and elsewhere in the United States.

Hardware Complaint [Dkt. No. 1], ¶¶ 20-31 (emphasis added).

Aside from the named parties and the jurisdiction and venue statements, the allegations against the Hardware –only Defendants and against the Software Defendants are identical. *Compare* Hardware Complaint [Dkt. No. 1], ¶¶ 1, 15, 17, and 19-34 with Software Complaint, ¶¶ 1, 25, 27, and 29-55. Indeed, Plaintiffs admit that their claims against the Hardware-only Defendants are based upon the Software Developers' software:

> It's very convenient to point the finger of blame, but Microsoft does not force AFT to buy its firewall software. AFT [Hardware-only Defendant American Future Technology] makes that decision. AFT then combines Microsoft software (or software made by others) with its own hardware to produce "computer systems" that include "hardware and/or software for protecting and/or authenticating information." Just so there is no confusion going forward, Plaintiffs' pre-filing investigation verified that every current AFT computer comes with a personal firewall, and infringes the patents-in-suit.

[Dkt. No. 72], p. 2.

### III.    ARGUMENT

Staying the claims against the Hardware-only Defendants pending resolution of the litigation against the Software Developers would be consistent with the "customer suit" doctrine, which states that a suit brought by a patent owner against the manufacturer of an accused product should be given priority over a suit against purchasers of the accused product – *i.e.*, the manufacturer's customers. *See, e.g., Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990); *Microsoft Corp. v. Commonwealth Sci. & Indus. Research Org.*, 2007 U.S. Dist. LEXIS 91550, *7 (E.D. Tex. Dec. 13, 2007) (citing *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737-38 (1st Cir. 1977) ("Underlying the customer-suit doctrine is the preference that infringement determinations should be made in suits involving the true defendant in the plaintiff's suit, i.e., the party that controls the product's design, rather than in suits involving

secondary parties, i.e. customers"); *Ciena Corp. v. Nortel Networks*, 2005 U.S. Dist. LEXIS 20095, *25-30 (E.D. Tex. May 19, 2005).

"The guiding principles in the customer suit exception cases are efficiency and judicial economy." *Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Tex. Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006).[4]  Plaintiffs are targeting the same computer security software against the Hardware-only Defendants and the Software Developers.  Proceeding first against the developers of the accused product(s) would promote "the just speedy and inexpensive determination" of the claims against both the Hardware-only Defendants and the Software Developers.  Rule 1, Fed. R Civ. P.  Accordingly, the claims against the Software Developers should take priority over the later-filed claims against the Hardware-only Defendants, all of whom are customers of one or more of the Software Developers.

### A.     Equity Is Best Served by Staying Suit as to the Hardware-only Defendants until Adjudication of the Claims against the Software Defendants

"Underlying the customer-suit doctrine is the preference that infringement determinations should be made in suits involving the true defendant in the plaintiff's suit, i.e., the party that controls the product's design, rather than in suits involving secondary parties, i.e. customers." *Ciena Corp. v. Nortel Networks*, 2005 U.S. Dist. LEXIS 20095, *27 (E.D. Tex. May 19, 2005) (citing *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737-38 (1st Cir. 1977); *see also A.P.T., Inc. v. Quad Envtl. Tech. Corp., Inc.*, 698 F.Supp. 718, 721 (N.D. Ill. 1988) (customer-suit exception focuses on the "real party in interest in a lawsuit against a mere customer" because the interests of judicial economy are best served by first disposing of the patentee-manufacturer suit).  Where patent holders bring suit against customers of the manufacturer, the courts have recognized that it is inequitable to require customers to litigate issues that manufacturers are better positioned to litigate, and often stay the "customer suit" pending the outcome of the "manufacturer suit."  *See Ricoh Co. LTD v. Aeroflex Inc.*, 279 F. Supp. 2d 554, 557 (D. Del.

---

[4] Federal Circuit law controls whether the customer suit doctrine applies.  *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1345-46 (Fed. Cir. 2005).

2003). Indeed, the Federal Circuit has noted that "the manufacturer is the true defendant in the customer suit … [and] it is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products." *Katz*, 909 F.2d at 1464 (quoting *Codex Corp.*, 553 F.2d at 737-38 (1st Cir. 1977)). Here, the Hardware-only Defendants are "customers" of the Software Developers, which "manufacture" the computer security software that Hardware-only Defendants bundle with their computer hardware. In the absence of any allegations by Plaintiffs to the contrary, the only products allegedly falling within the scope of the Patents-in-Suit that the Hardware-only Defendants use, provide, offer to sell or sell are the computer operating system and possibly additional security software that the Hardware-only Defendants obtain from some of the Software Developers. As such, the Software Developers are the "true defendant[s]" in this case. *See Katz,* 909 F.2d at 1464; *Ciena Corp.*, 2005 U.S. Dist. LEXIS 20095 at *27-28; *Leviton Mfg. Co., Inc. v. Interline Brands Inc.*, 2006 WL 2523137, * 3 (M.D. Fla. Aug. 30, 2006) (granting motion to stay in a patent action against reseller where patent holder had previously filed against manufacturer of accused products on same patents).

It would be inequitable to allow Plaintiffs to proceed against the Hardware-only Defendants before the Plaintiffs' claims against the Software Developers have been resolved. To defend against Plaintiffs' claims of infringement, the Hardware-only Defendants will need to prove either that a) the software they license from the Software Developers does not cause infringement of the Patents-in-Suit or b) that those patents are invalid or unenforceable. Both of these issues are squarely before this Court in the other case, which is in the best position to resolve the issues because the Software Developers design(ed), manufacture(ed), and/or license(d) the computer security software at issue.

Furthermore, the Hardware-only Defendants in this case do not, and never did, have the documents or information relating to the computer security software that will be necessary and essential to defend against Plaintiffs' claims. Such information is uniquely within the possession and control of the Software Developers. Absent a stay, the Hardware-only Defendants inevitably

will have to rely entirely on the third-party Software Developers to provide documents and information that are critical to Hardware-only Defendants' defense of this action. *See William Gluckin & Co. v. Int'l Playtex Corp.*, 407 F.2d 177, 179 n.2 (2d Cir. 1969). This outcome would not only needlessly burden the Hardware-only Defendants, but it would also needlessly subject the Software Developers to duplicative infringement suits against their software products pending concurrently in two different actions.

**B.     Staying the Hardware-only Claims will Promote Judicial Economy**

Resolving the claims against the Software Developers first will defeat all of the claims against the Hardware-only Defendants or, at the very least, will substantially advance the resolution of the patent issues here. Where all issues of invalidity and/or infringement can be resolved in a suit between the patent holder and the manufacturer, staying the customer suit will promote judicial economy. *See Katz*, 909 F.2d at 1463 (noting primary question is "whether the issues and parties are such that the disposition of one case would be dispositive of the other"); *Leviton Mfg. Co.*, 2006 WL 2523137 at *2. Such is the situation here. For example, a finding in the Software Developers' case that the claims of the patents-in-suit are invalid or unenforceable will act as a bar to Plaintiffs' infringement claims against the Hardware-only Defendants, and will provide final disposition of the case at bar. *See Kessler v. Eldred,* 206 U. S. 285, 288-89 (1907); *Blonder-Tongue*, 402 U.S. at 320-327. Similarly, a finding that the Software Developers *either* infringe *or* do not infringe will shield the Hardware-only Defendants from Plaintiffs' infringement allegations. If it is determined that the Software Developers' products do not infringe the patents-in-suit, then the Hardware-only Defendants' sales of those products likewise cannot infringe. Alternatively, if the Software Developers' computer security software is found to infringe the patents-in-suit, the Software Developers will be forced to pay damages (which are paid only once with no duplicative recovery, *infra*) or license the patents. Either way, the result

- 7 -

will immunize the Hardware-only Defendants from Plaintiffs' claims of infringement. *See Ricoh*, 279 F. Supp. 2d at 558.[5]

A stay would further conserve judicial resources on such critical issues as claim construction, invalidity and unenforceability. In transferring this case from the Southern District of Florida to the Eastern District of Texas, Judge Moreno held that there was "substantial overlap" between the two cases. Judge Moreno's Transfer Order, [Dkt. No. 179], at pp. 1, 4-5. Specifically, Judge Moreno emphasized that "the cases involve overlapping witnesses, prior art relevant to patent validity, and especially overlapping claim construction issues." *Id.* at p. 5.[6]

This reasoning is equally applicable here to this motion. As stated above, addressing the claims against the Software Developers first has the potential to resolve all of Plaintiffs' claims against the Hardware-only Defendants. Furthermore, the Hardware-only Defendants do not have documents or information relating to the manufacture, design and sale of the allegedly infringing computer security software.[7] These documents are in the custody of the Software Developers themselves. To the extent Plaintiffs will seek discovery on issues related to the accused computer security software, the Hardware-only Defendants will likely have to rely on information that only resides with the Software Developers themselves. Accordingly, without a stay, the Hardware-only Defendants would needlessly duplicate the effort made and costs incurred by the Software Developers.

---

[5] The Court need not find that the claims against the Software Developers will resolve every issue present in this case. *Katz*, 909 F.2d at 1464 ("Although there may be additional issues involving the defendants in the [customer suit], their prosecution will be advanced if [the patent holder] is successful on the major premises being litigated in [the manufacturer's action], and may well be mooted if he is unsuccessful."); *ProBatter Sports, LLC v. Joyner Techs., Inc.*, 463 F. Supp. 2d 949, 956 (N.D. Iowa 2006) (finding stay appropriate because resolution of manufacturer action involving issues of infringement and validity would significantly advance prosecution or resolution of customer suit, even though it may not resolve all issues in customer suit).

[6] Based on the overlapping issues and parties in this case, Judge Moreno determined that trial efficiency and the interests of justice are best served by transferring the Florida-filed case to the Eastern District of Texas. *Id.* at pp. 4-6.

[7] In the event that the Hardware-only Defendants have any unprivileged documents or information not within the custody or control of the Software Developers and Plaintiffs, the Hardware-only Defendants will stipulate to the production of such unprivileged, responsive documents.

C. **Plaintiffs will Not Suffer Prejudice by Staying the Claims Against the Hardware Defendants While Proceeding with its Claims Against the Software Developers**

This case is in its earliest stages. Plaintiffs will suffer no disadvantage by having to proceed only against the Software Developers. Because the outcome of the claims against the Software Developers likely will be dispositive of the claims in this case, Plaintiffs will suffer no prejudice by having this case stayed.

## IV. CONCLUSION

For the reasons stated above, the claims asserted against the Hardware-only Defendants should be stayed pending resolution of the claims asserted against the Software Developers to "facilitate the just, speedy and inexpensive disposition" of these actions. Rule 1, Fed. R. Civ. P.

Dated: September 4, 2009

Respectfully submitted,

/s/ Roderick B. Williams, Esq.
Roderick B. Williams, Esq. (SBN No. 21573700)
K&L Gates LLP
111 Congress Ave, Suite 900
Austin, TX, 78701
Phone: (512) 482.6800
Fax: (512) 482.6859
roderick.williams@klgates.com

Michael J. Bettinger, Esq. (*pro hac vice pending*)
Elaine Y. Chow, Esq. (*pro hac vice pending*)
Harold H. Davis, Esq. (*pro hac vice pending*)
K&L Gates LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Phone: (415) 882-8200
Fax: (415) 882-8220
mike.bettinger@klgates.com

David T. McDonald, Esq. (*pro hac vice pending*)
K&L Gates LLP
925 Fourth Avenue, Suite 2900
Seattle, Washington 98104-1158
Phone: (206) 623-7580
Fax: (206) 623-7022
david.mcdonald@klgates.com

*Attorneys for Defendants*
*Acer America Corp., Alienware Corp., Dell Inc.,*
*Fujitsu Computer Systems Corp., Gateway, Corp.,*
*Motion Computing, Inc. and American Future*
*Technology Corp., dba ibuypower Computer*

Fred I. Williams, Esq.
Akin Gump Strauss Hauer & Feld LLP
300 West 6th Street, Suite 2100
Austin, TX 78701-3911
Phone:  (512) 499-6200
Fax:  (512) 499-6290
fwilliams@akingump.com

*Attorneys for Defendant*
*Lenovo (United States) Inc.*

Abraham Kasdan, Esq.
Amster Rothstein & Ebenstein LLP
90 Park Avenue, 21st Floor
New York, NY 10016
Phone:  (212) 336-8030
Fax:  (212) 336-8001
akasdan@arelaw.com

*Attorneys for Defendant*
*Panasonic Corp. of North America*

- 10 -

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that DEFENDANTS' MOTION TO STAY PROCEEDINGS AND SUPPORTING MEMORANDUM OF LAW was served on all counsel of record who have consented to electronic service via email on September 4, 2009.  Any other counsel of record will be served by facsimile transmission or by first class mail.

                                                /s/ Roderick B. Williams, Esq.
                                                Roderick B. Williams, Esq

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), the undersigned has conferred with opposing counsel John Olivo on or about August 20, 2009 in a good faith effort to resolve the issues presented in the foregoing motion without court intervention and has been advised that the relief requested is opposed.

Dated: September 4, 2009                              /s/ Michael J. Bettinger, Esq.
                                                      Michael J. Bettinger, Esq.